McCURDY v. UNITED STATES HYBRID TREE COMPANY.

1. Damages—Evidence—Future Damages.

Damages for fraud must be proved with reasonable certainty but such requirement does not limit damages to those in fact already incurred, future damages being allowable if reasonably identified as to probability and ascertainable as to amount.

2. Same—Tree Farm Maintenance.

Allowance as damages of the difference between tree farm seller's represented cost of maintenance per tree and the minimum actual cost as elicited from various expert witnesses, but throwing risk of inflationary cost increases on the tree farm purchaser, held, supported by record and a proper rule for the case.

Appeal from Wexford; Peterson (William R.), J. Submitted October 7, 1964. (Calendar No. 14, Docket No. 50,560.) Decided January 5, 1965.

Bill by Gordon McCurdy against United States Hybrid Tree Company, a Michigan corporation, and C. H. Gaffke and Mary A. Gaffke to enforce a mechanic's lien. Cross bill by C. H. Gaffke against plaintiff and United States Hybrid Tree Company for damages arising from the negligent setting fire

References for Points in Headnotes

[1] 15 Am Jur, Damages §§ 20, 24.
[2] 15 Am Jur, Damages § 136.

to Christmas trees owned by Gaffke, from shortage of trees planted and surviving, and from misrepresentation by tree company as to cost of tree maintenance. Cross bill by the United States Hybrid Tree Company against defendants Gaffke for foreclosure of the land contract to purchase a Christmas tree plantation. From judgment for defendants Gaffke against the United States Hybrid Tree Company for damages to the trees, it appeals. Affirmed.

*Frank H. Miltner,* for cross-plaintiff Gaffke.

*Edward W. TenHouten,* for cross-defendant United States Hybrid Tree Company.

KAVANAGH, C. J. Plaintiff Gordon McCurdy filed a bill in chancery for enforcement of a mechanic's lien filed against property sold by United States Hybrid Tree Company on land contract to appellees C. H. Gaffke and Mary A. Gaffke, his wife. Plaintiff's claim was based on work done by him on Christmas trees owned by appellees Gaffke. Appellees filed a cross bill claiming damages to their plantation as a result of a fire set by plaintiff McCurdy, who was alleged to have been an agent of defendant United States Hybrid Tree Company. The appellees further claimed damages against United States Hybrid Tree Company based on misrepresentations made by the Tree Company relative to the cost and maintenance of the tree plantation. Appellees claimed reliance on these representations resulted in their purchasing the 40-acre tree plantation from the United States Hybrid Tree Company.

Defendant United States Hybrid Tree Company filed a cross bill praying for foreclosure of its land contract with appellees Gaffke.

Judgment was entered in favor of plaintiff Mc-Curdy by the trial court in the amount of $600 on

a *quantum meruit* basis, but his lien was admitted to be defective at the pretrial.

Subsequently, a judgment was entered in favor of appellees Gaffke against the appellant United States Hybrid Tree Company for $1,206.50 for a shortage of trees planted and surviving.

These judgments were not appealed from. Appellant cites as its reason for not appealing from these judgments, that there is ample evidence in the record to substantiate them.

Defendant United States Hybrid Tree Company does appeal from a judgment entered in favor of appellees Gaffke and against appellant tree company for damages in the amount of $7,020.32 for injuries caused the Gaffkes by the misrepresentation of the tree company as to the cost of maintenance of the trees. The court computed damages based on the difference between the cost of upkeep as represented by the appellant (1 cent per tree for a period of 5 years) and the estimated cost of upkeep normally required (18 cents per tree for a 5-year period), the difference being 17 cents, which, when multiplied by the number of trees purchased, results in the damage figure of $7,020.32. Appellant contends this award is a windfall and is not based on proof, but is mere speculation by the court.

At the time appellees bought the 40-acre plantation on a land contract, appellant tree company represented to them as follows:

"Some pruning is necessary on Scotch Pine to produce the well shaped, bushy, full tree that brings the top price. Royal Blue, French Highlands Green, and North German Low will develop into the perfect marketable trees with only 2 or 3 prunings as compared with 4 or 5 necessary for the other Regia strains (commonly known as the Regal Scotch), being grown by most Xmas tree growers. Based on extensive studies, the complete cost of pruning

should not exceed *one cent per tree over the complete growing cycle.*" (Emphasis supplied.)

The trial judge in his opinion found there was a representation by the United States Hybrid Tree Company to appellees that the cost over the growing cycle of the trees would be 1 cent per tree. He found as a matter of fact that this representation was material, that it was relied upon by the Gaffkes, and that the representation was false. He, therefore, allowed damages constituting the difference between the 1 cent per tree represented and the 18 cents per tree shown to be fair and reasonable. The tree company contends (1) that no proof was offered by Gaffkes which indicated they suffered such a loss, and (2) that the court's finding was against the weight of the evidence, erroneous as a matter of law, and based on speculation only.

Defendant tree company argues the damages allowable would be the actual and anticipated cost of pruning the trees less the cost as represented. It contends no evidence was presented as to the actual future cost. It further contends a mere estimate that the cost would ordinarily run around 18 cents is not controlling here as the trees are already 5 years old and would be ready for market in another 2 or 3 years. The trial court in its opinion dealt with this subject matter as follows:

"While damages recoverable must be proved with reasonable certainty in any type of action, it is not necessary that they be limited to those in fact already incurred, and future damages may be allowed if reasonably identified as to probability and ascertainable as to amount. The court has no difficulty in the instant case and cannot agree with cross-defendant's argument that future damages are speculative herein. The testimony of every witness who was familiar with the tree-farming business was elicited on the question of maintenance costs.

The necessity of pruning and shaping of trees to render them marketable was established, along with the fact that the cost of such pruning and shaping increases as the trees increase in size. The cost of spraying for insect control was proved as a necessary expense also. These various witnesses gave various methods of computing maintenance costs, but they were quite consistent in their conclusions on annual and total tree-life cost. The most conservative computation was that of cross defendant's own forester, Dr. Vogelsang, who put the total maintenance cost at not less than 18 cents per tree and up to 25 cents per tree depending on the amount of insect-control spraying that might be required. Since insect activity may be uncertain, the court will accept the minimum figure of Dr. Vogelsang. The difference between this actual cost (throwing inflationary cost increase risks on cross plaintiffs) and the represented cost of 1 cent, or 17 cents per tree is the measure of damages, multiplied by 41,296 trees, or $7,020.32."

The record supports the finding of the trial court. We conclude the lower court applied the proper rule of damages for the instant case.

The judgment in favor of Gaffkes and against defendant tree company is affirmed. Appellees shall have costs.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.