BARRY v FLINT FIRE DEPARTMENT

1. LABOR RELATIONS—COLLECTIVE BARGAINING AGREEMENT—EXHAUS-
    TION OF REMEDIES.

    An employee contesting his rights under a collective bargaining
    contract must insofar as possible exhaust the grievance proce-
    dures set forth in that contract before turning to the courts for
    relief, but such requirement is only applicable when violation
    of rights created under the labor contract is alleged.

2. LABOR RELATIONS—CONSTITUTIONAL LAW—EXHAUSTION OF REME-
    DIES.

    An employee covered by a collective bargaining agreement who
    alleges an employment-related violation of his constitutional
    rights as opposed to a right created under the labor contract
    need not exhaust the grievance machinery in his union's col-
    lective bargaining agreement before instituting suit in the
    circuit court.

3. ADMINISTRATIVE LAW—APPEAL AND ERROR.

    Judicial review of municipal administrative decisions is limited to
    questions of want of jurisdiction, fraud, bad faith, arbitrariness,
    or abuse of discretion, therefore a circuit court was within the
    proper scope of review when it found a municipal civil service
    commission's actions to be unreasonably discriminatory and an
    abuse of administrative discretion in limiting eligibility require-
    ments for applicants for promotional examination to those
    having at least two years of service remaining before manda-
    tory retirement.

4. MUNICIPAL CORPORATIONS—CIVIL SERVICE COMMISSIONS—JOB-ELIGI-
    BILITY REQUIREMENTS—CONSTITUTIONAL LAW—EQUAL PROTEC-
    TION.

    The trial court did not err in finding that a municipal civil
    service commission's requirement that applicants for a promo-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 48 Am Jur 2d, Labor and Labor Relations §§ 1304–1306.

[3] 2 Am Jur 2d, Administrative Law §§ 539–541.

[4, 5] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 246 *et seq.*

tional examination for a supervisor's position within the city fire department have at least two years of service remaining before mandatory retirement was an abuse of discretion and unreasonably discriminatory where the requirement was applied whimsically, capriciously, and arbitrarily, and was therefore a denial of equal protection of the law, which requires equality of applicability within the class affected (Const 1963, art 1, §§ 1, 2).

5. DAMAGES—SPECULATIVE DAMAGES.

Damages awarded to a plaintiff who had been prevented by an unreasonably discriminatory civil service requirement from taking a promotional examination were not improper as wholly speculative where the fact that the plaintiff was damaged was not in dispute and the evidence supported a reasonable probability that plaintiff would have passed the examination, and showed that plaintiff was well qualified for the position by experience and ability, that he had prepared himself by taking courses, and that he could have been promoted without taking the examination.

Appeal from Genesee, Anthony J. Mansour, J. Submitted Division 2 October 10, 1972, at Lansing. (Docket No. 11571.) Decided February 20, 1973.

Complaint by Myron E. Barry against the Flint Fire Department and others for damages resulting from defendants' refusal to permit plaintiff to take a promotional examination. Judgment for plaintiff. Defendants appeal. Affirmed.

*Draper, Daniel & Ruhala,* for plaintiff.

*Edward H. Devoe,* Assistant City Attorney, for defendants.

Before: DANHOF, P. J., and BRONSON and T. M. BURNS, JJ.

T. M. BURNS, J. This action grows out of the Flint Civil Service Commission's refusal to permit

the plaintiff to take a promotional examination to fill a vacancy in the city fire department.

The facts of the case are not materially in dispute. Plaintiff was an employee of the Flint Fire Department.[1] During August of 1968, the Flint Civil Service Commission scheduled a promotional examination for the post of fire apparatus supervisor. One of the eligibility requirements for this position was that an applicant have at least two years of service remaining with the fire department before mandatory retirement. Plaintiff did not meet this requirement. Therefore, although qualified in all other respects, the Flint Civil Service Commission denied him an opportunity to write the examination.

The years-of-service-remaining requirement was agreed to by plaintiff's union and by the Flint Civil Service Commission. The record reveals that the commission did not specifically adopt a comprehensive set of years-remaining prerequisites for various classifications but rather authorized their director to negotiate eligibility requirements with the union prior to each promotional examination. These negotiations were conducted pursuant to the collective bargaining agreement between the union and the Civil Service Commission. According to the commission's director, the eligibility-requirement negotiations stemmed from a mutual desire to maintain good relations and avoid legal entanglements.

Upon learning that he would not be eligible for the fire apparatus supervisor examination, plaintiff sought the assistance of his local union president. However, the president informed plaintiff that since he (the president) had agreed to the contested years-of-service-remaining requirement,

[1] Plaintiff was employed from June 27, 1944, through June 7, 1969.

nothing could be done to change it. Without pursuing the matter any further through union channels, plaintiff brought the instant action to redress his claim.

Trial was held without a jury in Genesee County Circuit Court on October 29 and November 6, 1970. In a written opinion dated February 24, 1971, the circuit court found that "the eligibility requirement [the two-years-of-service-remaining which precluded the plaintiff from taking the examination] was unreasonably discriminatory and therefore constituted an abuse of discretion which prejudiced plaintiff unlawfully".

A judgment awarding the plaintiff $4,909.48 plus all future increased pension benefits was entered March 26, 1971, and defendants appeal therefrom. The issues raised by the defendants will be discussed and decided in the manner presented below.

Defendants contend at the outset that inasmuch as the president of plaintiff's union and the director of the Flint Civil Service Commission agreed to the years-of-service-remaining requirement through a collective bargaining type process, plaintiff must first attempt to settle his claim via the grievance procedures outlined in the master contract before resorting to the courts for relief. We disagree.

Under the circumstances of the present case, it is open to serious question whether or not the two-years-remaining requirement was properly made part of the master contract. Assuming, but not deciding, that the provision was valid, we are nonetheless convinced that the plaintiff was not required to exhaust the grievance machinery set forth in the master contract as a condition precedent to maintaining the present action.

It is axiomatic that an employee contesting his rights under a collective bargaining contract must insofar as possible exhaust the grievance procedures set forth in that contract before turning to the courts for relief. See for example *Cortez v Ford Motor Co,* 349 Mich 108 (1957); *Field v Local 652 UAW AFL-CIO,* 6 Mich App 140 (1967). The reason for the rule is both apparent and sound. A collective bargaining contract fashions certain rights between an employer and employee and also creates a method for resolving any future disputes arising out of these rights, in short, a grievance procedure. In the event of a disagreement over these particular contractually created rights, it is only reasonable and equitable that the parties settle their differences by the mutually agreed upon method specified in the labor contract before looking to the judiciary for assistance. The language and factual context of the cases in this area coupled with the foregoing rationale of the exhaustion rule, however, patently indicate that the exhaustion requirement is applicable only when an employee alleges a violation of his rights created under the labor contract.

Such is not the situation here. In reality the question to be resolved in the case at hand is whether or not the City of Flint, acting by and through the Flint Civil Service Commission, denied plaintiff the equal protection of the law (Const 1963, art 1, §§ 1, 2) by allegedly arbitrarily establishing a two-years-of-service-remaining requirement for the August, 1968 fire apparatus supervisor examination.[2] Plaintiff therefore is as-

[2] "Sec. 1. All political power is inherent in the people. Government is instituted for their equal benefit, security and protection.

"Sec. 2. No person shall be denied the equal protection of the laws; nor shall any person be denied the enjoyment of his civil or political rights or be discriminated against in the exercise thereof because of

serting a violation of a constitutional right as opposed to a right created under the labor contract.

Since the grievance procedures contained in a collective bargaining agreement are specifically adopted by the parties to resolve only contractually created rights and inasmuch as a constitutional rather than a contractual right is at issue here, it was proper for the plaintiff to institute suit in Genesee County Circuit Court without exhausting the grievance machinery in his union's collective bargaining agreement.

We hold, therefore, that where, as here, an employee covered by a collective bargaining agreement alleges an employment-related violation of his constitutional rights by the employer, the grievance procedure established by the labor contract need not be exhausted before proceeding to court for a resolution of the dispute.

Next the defendants argue that the circuit court erred by finding the two-years-of-service-remaining requirement unreasonably discriminatory and an abuse of administrative discretion. The defendants' argument is without merit.

Judicial review of municipal administrative decisions is limited to questions of want of jurisdiction, fraud, bad faith, arbitrariness, or abuse of discretion. *O'Connell v Dearborn Police and Fire Pension Board,* 334 Mich 208 (1952). Therefore, the circuit court was well within the proper scope of review when it found the Flint Civil Service Commission's actions to be unreasonably discriminatory and an abuse of administrative discretion, and we so hold.

---

religion, race, color or national origin. The legislature shall implement this action by appropriate legislation."

Furthermore, we will not disturb a trial court's finding of fact unless the evidence clearly indicates that an opposite result should have been reached. GCR 1963, 517.1; *Tait v Ross,* 37 Mich App 205 (1971); *Miller v Department of State Highways,* 30 Mich App 64 (1971).

Surely the next question to decide is whether or not the evidence presented in the instant case clearly dictates that the circuit court should have reached a different result and found no unreasonable discrimination or abuse of administrative discretion on the part of the Flint Civil Service Commission in establishing the two-years-of-service-remaining requirement.

The defendants attempt to justify the years-remaining requirement on the basis that it was utilized in an effort to preserve the police and fire departments' pension fund and to insure that after an employee had been elevated to a higher post enough time would be remaining in the new position before mandatory retirement to justify and offset any of the attendant costs and inherent transitional inefficiency created by acquainting the employee with his new duties.

As previously noted, we are dealing with an issue involving an alleged denial of equal protection of the law. In *Tomlinson v Tomlinson,* 338 Mich 274, 278 (1953), cited with approval in *Reich v State Highway Department,* 386 Mich 617 (1972), see also *Fox v Employment Security Commission,* 379 Mich 579 (1967), the Michigan Supreme Court observed that:[3]

"[T]he guaranty of equal protection of the law is not one of equality of operation or application to all citizens

---

[3] The *Tomlinson, Reich,* and *Fox* cases were concerned with statutes and court rules, however, the equal protection principles announced therein are nevertheless viable here.

of the State or nation, but rather one of *equality of operation or applicability within the class affected,* which classification must, of course, be reasonable." (Emphasis supplied.)

When the director of the Flint Civil Service Commission was questioned relative to the applicability of the years-remaining rule, he responded in pertinent part as follows:

"*Q.* What promotion does it [years-remaining rule] apply to?

"*A.* At the present time, as each classification would come up for examination, it would be subject to discussion between the representatives of Local 352, I A F F, Flint Firefighters Union, and myself, and subsequently with the Flint Civil Service Commission.

\* \* \*

"*Q.* Have this application of the two-year rule in this particular case—had this come up in contract negotiations?

"*A.* In this particular examination, yes, it had been discussed with representatives of Local 352.

"*Q.* At the time that the contract was signed, was this part of the bargain?

"*A.* No sir. I am the negotiator for the Flint Civil Service Commission, and I had met with representatives of the Flint Firefighters Union to discuss this examination.

\* \* \*

"*Q.* Is it possible, then, for the position of Fire Apparatus Supervisor to come up tomorrow with a different set of eligibility requirements than what was applied in this particular case?

"*A.* Since it is subject to discussion, negotiation, it is possible.

"*Q.* And, is it possible that this could come up again and not have the two-year rule involved?

"*A.* I would say that yes, everything is possible within the realm of reality.

"*Q.* In fact, Mr. Northway, [the Flint Civil Service

Director] haven't you recently given some examinations in which there has not been any time requirement specified in order to take the promotion?

"*A.* Yes.

"*Q.* In fact, you have given some in the Flint Fire Department since this time in which there was no time requirement?

"*A.* Yes.

\* \* \*

"*Q.* So, it is possible for you to negotiate today for an eligibility requiring either no time left remaining at all, or six months remaining, isn't it?

"*A.* It would be possible."

In view of the foregoing, it is clear beyond doubt that although the reasons advanced by the defendants for imposing the years-of-service-remaining requirement on the city police and fire departments may well not offend the principle of equal protection of the law, the manner in which the requirement was applied cannot pass constitutional muster.

The foregoing testimony of the Flint Civil Service Commission Director amply demonstrates that the years-of-service-remaining requirement was applied to the Flint Fire Department whimsically, capriciously, and arbitrarily to say the least. Equal protection of the law requires equality of applicability within the class affected. *Tomlinson v Tomlinson, supra.* That equality is absent here.

On the record before us, we cannot say that the evidence clearly indicates that the circuit court should have reached a different result. Therefore, the finding of the circuit court that the years-of-service-remaining requirement was an abuse of discretion and unjustifiably and unreasonably discriminatory will not be disturbed.[4]

---

[4] The trial court's finding of unlawful discrimination was based

Finally even though defendants stipulated to plaintiff's damages, they nonetheless challenge the amount awarded to the plaintiff and assert that because the trial court assumed plaintiff would pass the August, 1968 fire apparatus supervisor examination, the computation of damages was wholly speculative. The defendants' argument proves too much.

A review of the judgment indicates that the trial court in awarding the damages assumed that the plaintiff would have passed the fire apparatus supervisor examination.[5] In *Wolverine Upholstery Co v Ammerman,* 1 Mich App 235, 244–245 (1965), this Court addressed itself to the matter of speculative damages:

"It is generally agreed that damages cannot be founded upon mere speculation and conjectural evidence. But this does not require absolute mathematical demonstration, or prevent the drawing of reasonable inferences from the facts and circumstances and that have been put in evidence. Therefore compensation may

primarily on the defendant's desire to preserve the fire department's pension fund, and albeit our reason for finding the same discretion differs; there is no reason to trifle with the lower court's basic determination that the Flint Civil Service Commission action constituted an abuse of discretion and unjustifiable discrimination.

[5] "1. Damages of $1,385.43 for salary differential between September 29, 1968 [when plaintiff's provisional appointment as fire apparatus supervisor was terminated] to June 7, 1969.

"2. Damages amounting to $1,081.92 for the differential in the net pay allowable for accumulative sick pay which arose during the time period of September 29, 1968 and June 7, 1969.

"3. Damages in the amount of $962.05 which arose from his retirement date of June 7, 1969 to February 1, 1970.

"4. Damages amounting to $1,480.08 which are the accumulated pension benefit losses from February 1, 1970 to March 1, 1971.

"5. All further damages resulting from increased pension from the date of March 1, 1971 to the date of this final order.

"Now, therefore, it is adjudged that Plaintiff recover from Defendant his damages in the amount of $4,909.48 plus accumulative pension monies from March 1, 1971 to date of this order; all further increased pension benefits as they accrue."

be for a pecuniary injury which has resulted from the natural and probable result of a wrong even though the extent of the injury is not capable of precise proof. 15 Am Jur, Damages, § 356 (1958). *It is the uncertainty as to the fact of legal damages that is fatal to recovery, but not uncertainty as to the amount.*

\* \* \*

"Following this line of thought, Michigan has held that where damages are the natural consequence of the wrongdoer's act and are such that he might reasonably have anticipated them, they are recoverable provided they are not remote, contingent, or speculative." (Emphasis supplied.)

Similar language was approved in *McCurdy v United States Hybrid Tree Co,* 374 Mich 388, 391 (1965), with reference to future damages:

"The trial court in its opinion dealt with this subject matter as follows:

" 'While damages recoverable must be proved with reasonable certainty in any type of action, it is not necessary that they be limited to those in fact already incurred, and future damages may be allowed if reasonably identified as to probability and ascertainable as to amount.' "

The fact that the plaintiff was damaged is not in dispute. Moreover, the evidence in the case at hand supports a reasonable probability that plaintiff would have passed the examination. As a matter of experience and ability, he was well qualified for the position of fire apparatus supervisor. He had also prepared himself for the post by taking courses offered by the city. There was in addition some evidence that plaintiff could have been promoted without taking the examination.

We hold, therefore, that the trial court's damage award was not improper.

For all of the reasons delineated above, the judgment of the Genesee County Circuit Court is affirmed.

All concurred.