OAKLEY v DEPARTMENT OF MENTAL HEALTH

Docket No. 60738. Submitted November 8, 1982, at Lansing.—Decided January 20, 1983. Leave to appeal applied for.

Plaintiff, Bernadine Oakley, was an employee of the Department of Mental Health when she was injured as a result of an attack by a patient. The department voluntarily began paying her workers' compensation benefits and statutory supplemental benefits. When plaintiff's workers' compensation benefits were terminated by defendant, she filed a petition for a hearing with the Bureau of Workers' Disability Compensation. The hearing referee determined that plaintiff was psychiatrically disabled and ordered that defendant pay plaintiff workers' compensation benefits until further order of the bureau. An appeal from this order by the State Accident Fund to the Workers' Compensation Appeal Board is pending. Shortly after the hearing referee's decision, defendant discontinued plaintiff's supplemental benefits, apparently on the basis that plaintiff was not physically disabled. Plaintiff brought an action in the Court of Claims and that court granted accelerated judgment against her on the basis that plaintiff had not exhausted her contract remedies. Plaintiff was removed from the department's payroll. Plaintiff brought an original action in the Court of Appeals to compel the payment of the statutory supplemental benefits and regular fringe benefits. Defendants asserted that plaintiff failed to exhaust her available remedies under the collective-bargaining agreement, plaintiff has been removed from the department's payroll, and the Court of Claims decision that directed plaintiff to exhaust her contract remedies operates as a bar to the within action. *Held:*

1. When seeking a benefit which is not awardable under the employment contract, such as a constitutional or statutory right, a public employee does not have to exhaust the grievance

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1775.
[2] 46 Am Jur 2d, Judgments §§ 430, 744.
[3] 81 Am Jur 2d, Workmen's Compensation § 115.

remedies under the collective-bargaining agreement. Plaintiff's supplemental benefits are provided by statute, not by the employment agreement.

2. The doctrine of res judicata is inapplicable to actions that are terminated by the granting of accelerated judgments because an accelerated judgment motion does not test the merits of the claim but rather interposes a technical defense thereto, regardless of the merits of the case.

3. Plaintiff is not precluded from receiving benefits for the period when she was on the payroll.

4. The statute providing for supplemental benefits for employees of the Department of Mental Health is not unconstitutional.

Mandamus granted.

1. ACTIONS — PUBLIC EMPLOYEES — DEFENSES — EXHAUSTION OF REMEDIES.

A public employee need not exhaust grievance remedies under a collective-bargaining agreement prior to a resort to the courts to secure a constitutionally or statutorily created right.

2. ACTIONS — DEFENSES — RES JUDICATA.

The doctrine of res judicata is inapplicable to actions that are terminated by the granting of accelerated judgments because an accelerated judgment motion does not test the merits of the claim but rather interposes a technical defense thereto, regardless of the merits of the case.

3. STATUTES — MENTAL HEALTH — SUPPLEMENTAL EMPLOYMENT BENEFITS.

The statute providing for supplemental benefits for employees of the Department of Mental Health is not unconstitutional (MCL 330.1113; MSA 14.800[113]).

*DeMoss & Thompson* (by *John B. DeMoss),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. Mc-Cargar, James M. Batzer* and *Thomas R. Wheeker,* Assistants Attorney General, for defendant.

Before: T. M. Burns, P.J., and Beasley and K. N. Hansen,* JJ.

Per Curiam. In an original mandamus action,[1] plaintiff, Bernadine Oakley, requests this Court to require defendants, Michigan Department of Mental Health and C. Patrick Babcock, to provide her with statutory supplemental and fringe benefits for a work-related injury.

The record reflects that plaintiff, who was employed as an attendant nurse at the Plymouth Center for Human Development, sustained injuries when assaulted by a patient on March 13, 1979. Approximately two weeks later, the Department of Mental Health (hereinafter department) voluntarily started paying plaintiff workers' compensation benefits[2] in the amount of $134.67 per week and statutory supplemental benefits[3] at the rate of $50 per week.

When plaintiff's workers' compensation benefits were terminated on March 24, 1980, she filed a petition for a hearing with the Bureau of Workers' Disability Compensation.[4] On April 10, 1980, a hearing referee determined that plaintiff was psychiatrically disabled and ordered that defendant pay plaintiff workers' compensation benefits until further order of the bureau. An appeal from this order by the State Accident Fund to the Workers' Compensation Appeal Board[5] is pending.

Shortly after the hearing referee's decision, de-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] MCL 600.4401(1); MSA 27A.4401(1); GCR 1963, 714.1.

[2] MCL 418.301; MSA 17.237(301).

[3] MCL 330.1113; MSA 14.800(113).

[4] MCL 418.201; MSA 17.237(201).

[5] MCL 418.251; MSA 17.237(251). During the pendency of the appeal, plaintiff, pursuant to MCL 418.862; MSA 17.237(862), is receiving 70% of the $134.67 weekly compensation benefits awarded by the hearing referee.

fendant discontinued plaintiff's supplemental benefits, apparently on the basis that plaintiff was not physically disabled.

The statute which entitles an employee of the Department of Mental Health to supplemental benefits for injuries sustained as a result of an assault by a recipient of mental health services provides:[6]

"A person employed by the department who is injured as a result of an assault by a recipient of mental health services shall receive his full wages by the department until workmen's compensation benefits begin and then shall receive in addition to workmen's compensation benefits a supplement from the department which together with the workmen's compensation benefits shall equal but not exceed the weekly net wage of the employee at the time of the injury. This supplement shall only apply while the person is on the department's payroll and is receiving workmen's compensation benefits and shall include an employee who is currently receiving workmen's compensation due to an injury covered by this section. Fringe benefits normally received by an employee shall be in effect during the time the employee receives the supplement provided by this section from the department."

On March 3, 1981, plaintiff was terminated from her employment with the department. In an affidavit attached to defendant's answer, the personnel director of the Plymouth Center for Human Development stated that a disabled employee who is the recipient of workers' compensation benefits for 100 weeks is not retained on the department's payroll unless it appears that the employee will soon return to work.[7]

---

[6] MCL 330.1113; MSA 14.800(113).

[7] In this action, plaintiff does not contest the propriety of her discharge from the department.

In their answer to plaintiff's complaint for mandamus,, defendants assert that supplemental benefits should not be awarded because (1) plaintiff failed to exhaust her available remedies under the collective-bargaining agreement, (2) plaintiff was removed from the department's payroll in 1981, and (3) a May 28, 1981, Court of Claims decision that directed plaintiff to exhaust her contract remedies operates as a bar to the within action.

Since plaintiff was removed from the payroll of defendants in 1981, this mandamus action focuses on whether, under MCL 330.1113; MSA 14.800(113), she is entitled to the payment of supplemental benefits from May, 1980 (when defendants discontinued the payment of supplemental benefits), to March 3, 1981 (the date in which plaintiff was removed from defendants' list of employees).

We find that defendants' challenges to plaintiff's statutory right to receive supplemental benefits are groundless. When seeking a benefit which is not awardable under the employment contract, such as a constitutional or statutory right, a public employee does not have to exhaust her grievance remedies under the collective-bargaining agreement.[8] In the within matter, supplemental benefits are provided by statute, not by the employment agreement.

Defendants' second defense concerns plaintiff's current status as a nonemployee of the department. While the statute which provides supplemental benefits requires as one of two preconditions that the injured employee be a member of

[8] *Caronis v City of Pontiac,* 71 Mich App 573, 580; 248 NW2d 620 (1976), *lv den* 399 Mich 842 (1977); *Barry v Flint Fire Dep't,* 44 Mich App 602, 606-607; 205 NW2d 627 (1973); *Kewin v Melvindale-Northern Allen Park Bd of Ed,* 65 Mich App 472, 478-479; 237 NW2d 514 (1975).

the department's payroll, this does not preclude plaintiff from receiving the benefits for the period when she was on the payroll.

Defendants' contention that plaintiff's unsuccessful Court of Claims suit[9] acts as a bar to the instant action is incorrect. In that case, the Court of Claims granted defendants' motion for accelerated judgment on the basis that plaintiff had not exhausted her contract remedies. The doctrine of res judicata[10] is inapplicable to actions that are terminated by the granting of accelerated judgments because an accelerated judgment motion does not test the merits of the claim; rather, it interposes a technical defense thereto, regardless of the merits of the case.[11]

After reviewing defendants' claim that the supplemental benefits statute is unconstitutional, we find the argument to be without merit. The statute, which operates as an amendment to the employment contract of every Department of Mental Health employee, furnishes a wage continuation plan in the event that an employee "is injured as a result of an assault by a recipient of mental health services". In our view, the Legislature had a laudable, rational basis for enacting the statute.

Accordingly, plaintiff's request for a writ of mandamus is hereby granted. Defendants are directed to furnish plaintiff supplemental benefits and normal fringe benefits for the period in which supplemental benefits were discontinued to the last date she was on defendants' payroll.

[9] Court of Claims Docket No. 81-7524, decided May 28, 1981.

[10] For a summary of the elements of the res judicata doctrine, see *Ward v DAIIE,* 115 Mich App 30, 37; 320 NW2d 280 (1982).

[11] *Goodrich v Moore,* 8 Mich App 725, 728-729; 155 NW2d 247 (1967), *lv den* 380 Mich 764 (1968); *San Joaquin County, California v Dewey,* 105 Mich App 122, 131; 306 NW2d 418 (1981); Restatement Judgments, § 49, p 193.