JESSE v DEPARTMENT OF MENTAL HEALTH

Docket No. 67522. Submitted August 18, 1983, at Grand Rapids.— Decided November 8, 1983. Leave to appeal applied for.

Plaintiff, Deborah A. Jesse, was injured as a result of an assault by a recipient of mental health services in the course of her employment as an attendant nurse at the Muskegon Regional Center for Developmental Disabilities, a division of the Department of Mental Health. She was unable to continue in her employment duties and left work on October 20, 1977, some five months after the assault. She then began receiving workers' compensation benefits and supplemental wage benefits mandated by statute. On May 11, 1980, she was terminated from her position due to her failure to return to work. She was removed from the payroll and the supplemental benefit payments ceased. Plaintiff then brought an action in the Muskegon Circuit Court seeking to be reinstated on the payroll and to have the supplemental payments resumed, including all back payments. The trial court, Ronald H. Pannucci, J., granted plaintiff's motion for summary judgment and ordered the defendant, State of Michigan, Department of Mental Health and Muskegon Regional Center for Developmental Disabilities, to pay plaintiff the supplemental benefits due since May 11, 1980, and to continue such payments as long as plaintiff received workers' compensation benefits. Defendant appeals. *Held:*

1. The statute providing for the supplemental benefit while the employee is receiving workers' compensation benefits and is on the payroll is not violated by defendant's practice of terminating employees after 100 weeks of disability. The statute is intended to protect a particular class of employees subject to distinct occupational hazards and is not intended to keep an injured employee on the department's payroll indefinitely.

2. The trial court erred by granting summary judgment to plaintiff.

Reversed and remanded for entry of judgment in favor of defendant.

REFERENCE FOR POINTS IN HEADNOTE
82 Am Jur 2d, Workmen's Compensation § 329.

MENTAL HEALTH — EMPLOYEES — INJURIES — ASSAULT — SUPPLE-
MENTAL BENEFITS.

> That portion of the Mental Health Code providing for the pay-
> ment of a supplemental benefit to an employee of the Depart-
> ment of Mental Health who is injured as a result of an assault
> by a recipient of mental health services while the injured
> employee is receiving workers' compensation benefits and is on
> the payroll is intended to protect a particular class of employ-
> ees subject to distinct occupational hazards and is not intended
> to mean that such an employee is to remain on the depart-
> ment's payroll indefinitely; the spirit or language of the statute
> are not violated by the department's practice of terminating
> employees after 100 weeks of disability even though workers'
> compensation benefits continue beyond the 100-week period
> (MCL 330.1113; MSA 14.800[113]).

*White, Spaniola, Stariha, Potuznik, Reider, Brown, Wierengo, Fielstra & Flynn, P.C.* (by *J. Christopher Wilson*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *James M. Batzer,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

DANHOF, C.J. On May 2, 1977, plaintiff was injured as a result of an assault by a recipient of mental health services which occurred in the course of her employment as an attendant nurse at the Muskegon Regional Center for Developmental Disabilities, a division of the Department of Mental Health. Plaintiff was unable to continue in her employment duties and left work on October 20, 1977, some five months after the assault. Plaintiff began receiving workers' compensation benefits and supplemental wage benefits pursuant to MCL 330.1113; MSA 14.800(113). On May 11, 1980,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff was terminated from her position due to her failure to return to work. Plaintiff was removed from the payroll and the supplemental benefit payments ceased.

Plaintiff brought the present action seeking to be reinstated on the payroll of the Muskegon Regional Center and seeking to have the supplemental payments resumed, including all back payments. Plaintiff's motion for summary judgment was granted by the trial court, and defendant was ordered to pay plaintiff the supplemental benefits due since May 11, 1980, and continuing for as long as plaintiff received workers' compensation benefits. Defendant appeals as of right.

Defendant argues that the trial court erred by reinstating plaintiff's supplemental benefits because plaintiff was no longer on defendant's payroll. MCL 330.1113; MSA 14.800(113), the portion of the Mental Health Code providing for the supplemental benefit, states:

"A person employed by the department who is injured as a result of an assault by a recipient of mental health services shall receive his full wages by the department until workmen's compensation benefits begin and then shall receive in addition to workmen's compensation benefits a supplement from the department which together with the workmen's compensation benefits shall equal but not exceed the weekly net wage of the employee at the time of the injury. This supplement shall only apply while the person is on the department's payroll and is receiving workmen's compensation benefits and shall include an employee who is currently receiving workmen's compensation due to an injury covered by this section. Fringe benefits normally received by an employee shall be in effect during the time the employee receives the supplement provided by this section from the department."

While the statute clearly provides that the individual must be on the department's payroll to collect the supplemental benefit, the statute is silent as to the employer's duty to retain an employee on the payroll.

Here, plaintiff was terminated after having been on leave for a period in excess of 100 weeks. At oral argument, defendant's attorney stated that this was the standard procedure for the Department of Mental Health and that no employee had successfully challenged this practice through grievance procedures.

MCL 38.1181; MSA 3.366(1), benefiting classified employees of the Department of State, MCL 400.1c; MSA 16.401(3), for Department of Social Services employees at facilities for delinquents and MCL 791.263a; MSA 28.2323(1), for Department of Corrections employees at penal institutions, all contain provisions identical to that in the instant case. Each provides a supplemental benefit while an employee is receiving workers' compensation benefits and is on the payroll. None of these statutes has been interpreted in a situation such as the present.

We interpret MCL 330.1113; MSA 14.800(113) and the similar statutes above listed to be an attempt by the Legislature to protect a particular class of employees subject to distinct occupational hazards. However laudatory this purpose, we do not believe the Legislature intended that such employees remain on the departments' payrolls indefinitely. We do not find defendant's practice of terminating an employee after 100 weeks of disability to be a violation of the spirit or language of the statute. Had defendant taken this action after a shorter, less reasonable period, our holding might be different.

Defendant does not contest plaintiff's right to receive workers' compensation benefits, only her right to the supplemental benefits which augment the workers' compensaton amounts and bring plaintiff's entitlement up to the full level of her salary at the date of injury. We find that the trial court erred by granting summary judgment to plaintiff. We therefore reverse and remand for entry of judgment in favor of defendant.

Reversed and remanded. No costs, a public question being involved.