SAMUEL v DEPARTMENT OF MENTAL HEALTH

Docket No. 74333. Submitted October 10, 1984, at Lansing.—Decided
January 3, 1985.

Plaintiff, Herbert E. Samuel, Jr., an employee of Northville
Regional Psychiatric Hospital (a division of the State of Michi-
gan Department of Mental Health) was injured in July, 1979,
when a patient at the hospital assaulted him. He received
workers' compensation benefits coordinated with "assault pay"
pursuant to the Mental Health Code. Plaintiff's workers' com-
pensation benefits were terminated in December of 1979. The
defendant, Department of Mental Health, thereafter termi-
nated plaintiff's "assault pay" benefits. The facts indicate that
plaintiff was on leave of absence from his position from July,
1979, until March, 1980, when he was separated from his
employment for not returning to work. In April, 1980, plaintiff
filed a petition for a hearing with the Bureau of Workers'
Disability Compensation. On February 17, 1981, defendant was
ordered to pay workers' disability compensation benefits to the
plaintiff. The defendant has paid the plaintiff 70% of the
workers' disability compensation benefits during the pendency
of a separate appeal from that order, however, no supplemental
"assault pay" benefits were paid. Plaintiff then sought a deter-
mination regarding his entitlement to "assault pay" in the
Court of Claims. The Court of Claims, James T. Kallman, J.,
noting that plaintiff had failed to file a grievance challenging
his separation from employment, granted the defendant's mo-
tion for an accelerated judgment based on plaintiff's failure to
exhaust his administrative remedies. The Court of Claims also
intimated that it was without jurisdiction to entertain the
claim and that the circuit court was the proper forum to

REFERENCES FOR POINTS IN HEADNOTES

[1] 82 Am Jur 2d, Workmen's Compensation §§ 329, 347, 364.

[1, 3] 40 Am Jur 2d, Hospitals and Asylums § 20.

57 Am Jur 2d, Municipal, School, and State Tort Liability § 26.

[2-4] 20 Am Jur 2d, Courts §§ 33, 87 *et seq.*, 126.

[4] 81 Am Jur 2d, Workmen's Compensation § 26.

[5] 20 Am Jur 2d, Courts §§ 17, 21, 98.

[6] 15A Am Jur 2d, Civil Service §§ 10, 80.

contest a claim for "assault pay". Plaintiff appeals from that order. *Held:*

1. The Court of Claims was without jurisdiction to entertain plaintiff's suit. Even if assault pay benefits are considered part of the contract of employment, § 113 of the Mental Health Code does not divest the circuit court of jurisdiction over a dispute concerning such benefits. A dispute over workers' compensation benefits does not entitle the claimant to bring a contract action in the Court of Claims. Rather, there is a statutorily-prescribed administrative process which must be followed. Appeal from an order of the Workers' Compensation Appeal Board is by leave to the Court of Appeals and the Supreme Court.

2. A claim for assault pay benefits under § 113, standing alone, is not necessarily controlled by the status of workers' disability compensation benefits.

3. Plaintiff's failure to exhaust his administrative remedies precludes judicial review of his claim.

Affirmed.

1. WORKERS' COMPENSATION — MENTAL HEALTH DEPARTMENT — AS-
SAULT PAY BENEFITS.

A person employed by the Department of Mental Health who is injured as a result of an assault by a recipient of mental health services shall receive in addition to workers' compensation benefits a supplement from the department which together with the workers' compensation benefits shall equal but not exceed the weekly net wage of the employee at the time of the injury; such supplement shall only apply while the person is on the department's payroll and is receiving workers' compensation benefits; however, a claim for assault pay benefits, standing alone, is not necessarily controlled by the status of workers' compensation benefits (MCL 330.1113; MSA 14.800[113]).

2. COURTS — COURT OF CLAIMS — JURISDICTION.

The Court of Claims is empowered to hear and determine all claims ex contractu and ex delicto against the state or any department thereof (MCL 600.6419; MSA 27A.6419).

3. WORKERS' COMPENSATION — MENTAL HEALTH DEPARTMENT — AS-
SAULT PAY BENEFITS — CIRCUIT COURTS — JURISDICTION.

The statute regarding the payment of "assault pay" to a person employed by the Department of Mental Health who is injured as a result of an assault by a recipient of mental health services does not divest the circuit court of jurisdiction over a dispute concerning such benefits, even if assault pay benefits were considered part of the contract of employment (MCL 330.1113; MSA 14.800[113]).

4. WORKERS' COMPENSATION — JURISDICTION — ADMINISTRATIVE LAW — APPEAL.

A dispute over workers' compensation benefits does not entitle the claimant to bring a contract action in the Court of Claims; rather, the statutorily-prescribed administrative process must be followed; thereafter, appeal from an order of the Workers' Compensation Appeal Board is by leave to the Court of Appeals and Supreme Court (MCL 418.847-418.861; MSA 17.237[847]-17.237[861]).

5. COURTS — CIRCUIT COURTS — JURISDICTION.

A circuit court has original jurisdiction over all matters unless prohibited by law; divestiture of such jurisdiction cannot be accomplished except under clear mandate of the law.

6. CIVIL SERVICE — CIVIL SERVICE COMMISSION — GRIEVANCES — APPEAL — EXHAUSTION OF REMEDIES.

The Civil Service Commission is a constitutional body that is empowered to prescribe the procedures by which a state civil service employee may review his grievance; exhaustion of these remedies is required, and failure to do such precludes judicial review.

*Glotta, Adelman, Dinges & Riley, P.C.* (by *Chui Karega*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and GRIBBS and R. M. SHUSTER,* JJ.

PER CURIAM. Plaintiff, an employee of Northville Regional Psychiatric Hospital (a division of the Department of Mental Health), was injured in July, 1979, when a patient at the hospital assaulted him. He received workers' compensation benefits coordinated with "assault pay" pursuant to § 113 of the Mental Health Code, MCL 330.1113;

---

* Circuit judge, sitting on the Court of Appeals by assignment.

MSA 14.800(113). In December, 1979, however, plaintiff's workers' compensation benefits were terminated. Defendant thereafter terminated plaintiff's benefits under § 113, since that section provides that supplemental benefits shall only be paid as long as an employee is receiving workers' compensation benefits.

From July, 1979, to December, 1979, plaintiff was on leave of absence from his position at Northville Regional Psychiatric Hospital. In December, 1979, plaintiff requested an extension of that leave of absence, claiming he was still unable to return to work. An extension was granted until March, 1980. At the expiration of that extension, another extension was sought by plaintiff, but it was denied and plaintiff was separated from his employment when he did not return to work.

Thereafter, in April, 1980, plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation. On February 17, 1981, defendant was ordered to pay workers' disability compensation benefits to plaintiff, 70% of which plaintiff received during the pendency of the appeal from that decision, pursuant to MCL 418.862; MSA 17.237(862); however, no supplemental "assault pay" benefits were paid. Plaintiff's entitlement to workers' compensation benefits is presently pending in a separate appeal and is not at issue here. At issue is plaintiff's entitlement to "assault pay".

At the time plaintiff was terminated, he failed to file a grievance challenging his separation from employment. Accordingly, upon defendant's motion for accelerated judgment, the Court of Claims held that plaintiff had failed to exhaust his administrative remedies and, therefore, was precluded from bringing suit in the Court of Claims. The Court of Claims also intimated that it was without

jurisdiction to entertain plaintiff's claim, *i.e.,* that the circuit court was the proper forum to contest a claim for "assault pay". This appeal has ensued.

MCL 330.1113; MSA 14.800(113) provides as follows:

"A person employed by the department who is injured as a result of an assault by a recipient of mental health services shall receive his full wages by the department until workmen's compensation benefits begin and then shall receive in addition to workmen's compensation benefits a supplement from the department which together with the workmen's compensation benefits shall equal but not exceed the weekly net wage of the employee at the time of the injury. *This supplement shall only apply while the person is on the department's payroll and is receiving workmen's compensation benefits* and shall include an employee who is currently receiving workmen's compensation due to an injury covered by this section. Fringe benefits normally received by an employee shall be in effect during the time the employee receives the supplement provided by this section from the department." (Emphasis added.)

Plaintiff initially argues that jurisdiction over the instant case is vested in the Court of Claims, pursuant to MCL 600.6419; MSA 27A.6419, which empowers such court to hear and determine all claims "ex contractu and ex delicto" against the state or any department thereof. Plaintiff concludes that the present dispute falls within both jurisdictional categories: the claim is contractual because the "assault pay" is part of the contract of employment between plaintiff and defendant, and it is also a tort claim inasmuch as defendant has tortiously denied plaintiff a statutory benefit. We disagree.

As defendant correctly argues, this Court has previously indicated that § 113 benefits are not "awardable under the employment contract", but

rather, are statutory benefits. *Oakley v Dep't of Mental Health,* 122 Mich App 638, 642; 332 NW2d 552 (1983). Although plaintiff cites *Thomas v Parker Rust Proof Co,* 284 Mich 260, 266; 279 NW 504 (1938), and *Grand Rapids v Crocker,* 219 Mich 178; 189 NW 221 (1922), for the analogous proposition that the provisions of the workers' compensation statute become a part of the employment contract, we are not convinced of the continuing validity of these cases since they dealt with the workers' compensation statute at a time when it was elective; that is, both the employer and the employee had the option of electing *not* to be subject to the provisions of the act. In any event, a claim for assault pay benefits, standing alone, is not necessarily controlled by the status of workers' compensation benefits.

Furthermore, we agree with defendant that, even if assault pay benefits are considered part of the contract of employment, § 113 does not divest the circuit court of jurisdiction over a dispute concerning such benefits. A dispute over workers' compensation benefits does not entitle the claimant to bring a contract action in the Court of Claims. Rather, there is a statutorily-prescribed administrative process which must be followed. Thereafter, appeal from an order of the Workers' Compensation Appeal Board is by leave to the Court of Appeals and Supreme Court. See MCL 418.847; MSA 17.237(847) through MCL 418.861; MSA 17.237(861). Thus, plaintiff's attempt to analogize the instant situation to a workers' compensation dispute avails him little. The Court of Claims does not have jurisdiction over those matters, even if the provisions of the workers' compensation statute are considered part of the employment contract with the state.

More importantly, there is no procedural or

jurisdictional provision concerning only § 113 which posits jurisdiction in the Court of Claims. In this connection, the circuit court has original jurisdiction over all matters unless prohibited by law; and divestiture of such jurisdiction "cannot be accomplished except under clear mandate of the law". *Wikman v Novi,* 413 Mich 617, 645; 322 NW2d 103 (1982). In the absence of any clear expression to the contrary, we hold that the Court of Claims was without jurisdiction to entertain plaintiff's suit.

As to plaintiff's contention that this case is also a tort claim, the complaint in this matter does not bear this out. Furthermore, this issue was not asserted below and, therefore, is not considered here.

We next turn to the actual ruling below, namely, that plaintiff's failure to exhaust his administrative remedies precludes judicial review of his claim. We agree.

Although *Oakley v Dep't of Mental Health, supra,* held that, "[w]hen seeking a benefit which is not awardable under the employment contract, such as a constitutional or statutory right, a public employee does not have to exhaust [his] grievance remedies under the collective-bargaining agreement", 122 Mich App 642, that case does not apply here. In *Oakley,* the claimant did not contest the propriety of her discharge, nor did she challenge her entitlement to assault pay benefits for the period of time *after* her employment had been terminated, both of which plaintiff contests in the instant case. Instead, she challenged the department's position that, even in order to receive benefits up until the point of termination, she was required to exhaust administrative remedies with respect to her entitlement to such benefits. The *Oakley* Court rejected this contention based in

part on the fact that the right was statutory (not contractual). The department also maintained that the fact that the claimant was not then on the payroll precluded her from receiving benefits for the period when she was on the payroll. This contention was also rejected for the reason that the statutory language requiring the claimant to be "on the payroll" was not read to mean on the payroll at the time benefits were sought. The claimant was found entitled to benefits until the time she was terminated.

In *Jesse v Dep't of Mental Health,* 130 Mich App 350; 343 NW2d 548 (1983), we held that the Legislature did not intend for employees who were unable to work due to a situation covered by the assault pay statute to remain on the department's payroll indefinitely. We further stated that:

"[w]e do not find defendant's practice of terminating an employee after 100 weeks of disability to be a violation of the spirit or language of the statute. Had defendant taken this action after a shorter, less reasonable period, our holding might be different." 130 Mich App 353.

*Jesse,* however, also did not challenge the propriety of the claimant's termination, but rather, only the fact that she was terminated while still receiving workers' compensation benefits. There, we held that the continuing receipt of workers' compensation benefits did not automatically require that assault pay be continued. The instant case proceeds one step further in challenging the propriety of plaintiff's termination.[1] Under the

[1] While it is not exactly clear whether plaintiff is challenging the propriety of his termination or merely the fact that he was terminated, it is clear from the *Jesse* case that plaintiff need not be given assault pay indefinitely and that the mere fact that plaintiff continues to receive workers' compensation benefits is not dispositive. Accord-

circumstances presented, we believe that defendant was required to exhaust his administrative remedies through the appropriate grievance machinery.

We noted in *Jesse* that termination after a "less reasonable" period of time might affect the outcome. In this connection, an improper termination would obviously also affect the outcome. However, even if plaintiff could not personally grieve his termination through the civil service grievance procedure, as he maintains, he should have asserted his rights, if any, through the contractual grievance procedure and AFSCME Council 25, the exclusive bargaining representative of plaintiff's bargaining unit.[2] The Civil Service Commission is a constitutional body that is empowered to prescribe the procedures by which a state civil service employee may review his grievance. *Viculin v Dep't of Civil Service,* 386 Mich 375, 393; 192 NW2d 449 (1971). Exhaustion of these remedies is required, and failure to do such precludes judicial review. *Bays v Dep't of State Police, supra,* pp 359-361.

In sum, we conclude that the lower court cor-

---

ingly, since plaintiff stated below that he "was not able to return to work, despite the fact that he was separated for refusing to return to work", we view this as a challenge to the propriety of the decision to terminate, *i.e.,* whether defendant was justified in dismissing plaintiff for his failure to return to work upon request.

[2] We note that plaintiff has attached to his brief on appeal two letters from the Civil Service Commission indicating that he was not entitled to a fourth-step grievance hearing with the Department of Civil Service and that appeal rights, if any, should be asserted through his bargaining representative. The record before us, however, may not be expanded on appeal in this manner. *McCloy v Dorfman,* 123 Mich App 710, 715; 333 NW2d 338 (1983). In any event, based on plaintiff's assertion, pursuit of the matter by the exclusive bargaining representative appears to be the proper procedure prescribed by the Department of Civil Service, so that exhaustion of this procedure was nevertheless required. Moreover, we do not view these letters as excusing plaintiff's failure to make a fifth-step appeal to the Civil Service Commission itself. See *Bays v Dep't of State Police,* 89 Mich App 356, 358-360; 280 NW2d 526 (1979).

rectly held that it was without jurisdiction over this matter. If plaintiff ultimately prevails on his workers' compensation claim, then defendant concedes that plaintiff is entitled to assault pay through March, 1980, when he was terminated.

Affirmed. No costs, a question of public significance being involved.