MICHIGAN PROFESSIONAL EMPLOYEES SOCIETY v
DEPARTMENT OF NATURAL RESOURCES

Docket No. 83866. Submitted March 19, 1986, at Lansing. Decided
May 9, 1986.

Plaintiff, Michigan Professional Employees Society, a labor union
representing three classified civil service employees of the
Department of Natural Resources who are nonblack and who
applied for a promotion to a vacant position which was eventu-
ally filled with the appointment of a black male, filed suit in
the Ingham Circuit Court against defendants, Department of
Natural Resources, Department of Civil Service, and their
respective directors. Plaintiff alleged that defendants had dis-
criminated against plaintiff's members on the basis of race, in
violation of the collective-bargaining agreement, the Michigan
Constitution, and the Civil Rights Act. The trial court, Michael
G. Harrison, J., granted defendants' motion for accelerated
judgment on the ground that the circuit court lacked subject-
matter jurisdiction over plaintiff's civil rights claim and that
the court would abstain from addressing plaintiff's other claims
while arbitration was pending on plaintiff's contract claim.
Plaintiff appealed as of right from the trial court's grant of
accelerated judgment on its constitutional and statutory
claims. *Held:*

1. Classified civil service employees may, directly and in
the first instance, bring suit in the circuit court seeking in-
injunctive relief and damages for alleged violations of the
Michigan Constitution and the Civil Rights Act. The trial

REFERENCES
Am Jur 2d, Administrative Law §§ 788 *et seq.*
Am Jur 2d, Civil Rights §§ 261 *et seq.*
Am Jur 2d, Federal Practice and Procedure §§ 1774 *et seq.*
Exhaustion of state administrative remedies as prerequisite to
federal civil rights action based on 42 USCS § 1983. 47 ALR Fed
15.
Recovery of damages as remedy for wrongful discrimination under
state or local civil rights provisions. 85 ALR3d 351.
See also the annotations in the ALR3d/4th Quick Index under
Discrimination.

court therefore erred in ruling that it lacked jurisdiction over plaintiff's constitutional and civil rights claims.

2. The trial court erred in applying the doctrine of judicial abstention to abstain from addressing plaintiff's claims while arbitration was pending on the collective-bargaining claim, as a basis for granting accelerated judgment, since that doctrine only applies to the federal courts when ruling on issues yet to be resolved in the state courts.

3. Defendants' assertion that the trial judge really meant to apply the doctrine of primary jurisdiction when he stated that he was applying the doctrine of judicial abstention was not supported by the record. Even assuming that to be the case, the doctrine of primary jurisdiction does not apply to the instant claim of employment discrimination.

Reversed and remanded.

1. CIVIL RIGHTS — CIVIL RIGHTS ACT — CIVIL SERVICE.

   State classified civil service employees may bring an original action in the circuit court seeking injunctive relief and damages for alleged violations of the Michigan Constitution and the Civil Rights Act (MCL 37.2101 *et seq.;* MSA 3.548[101] *et seq.).*

2. COURTS — FEDERAL COURTS — JUDICIAL ABSTENTION.

   The doctrine of judicial abstention is applied by the federal courts in order to allow state courts to decide as yet unresolved questions of their own state law before a federal court will decide a case involving the unresolved state law issue; the doctrine cannot be applied by a state court in a case involving the relationship of the state court and an administrative arbitrator.

3. ADMINISTRATIVE LAW — PRIMARY JURISDICTION.

   An administrative agency, and not a court, has primary jurisdiction when the determination of a claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body.

4. CIVIL RIGHTS — EMPLOYMENT DISCRIMINATION — COURTS — JURISDICTION.

   The doctrine of primary jurisdiction, which would vest jurisdiction in an administrative agency, and not in a court, over a claim which requires the resolution of issues which have been placed within the special competence of an administrative body by a regulatory scheme, does not apply to a claim of employ-

ment discrimination; such claim involves basic issues of fact and law within the competence of the courts.

*Thrun, Maatsch & Nordberg, P.C.* (by *Kevin S. Harty*), and *Cheryl L. Schmittdiel,* Co-counsel, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gary Gordon* and *Richard P. Gartner,* Assistant Attorneys General, for defendants.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and L. F. SIMMONS,* JJ.

PER CURIAM. Plaintiff, Michigan Professional Employees Society, a labor union, filed a complaint in circuit court alleging that defendant employer, Michigan Department of Natural Resources, had discriminated against three of its members on the basis of race, in violation of their collective bargaining agreement, the Michigan Constitution,[1] and the Civil Rights Act.[2] All of the defendants, DNR, Michigan Department of Civil Service (DCS), and each of their respective directors, filed a motion seeking accelerated judgment, arguing that the circuit court lacked jurisdiction to decide plaintiff's claims. The trial judge granted defendants' motion for accelerated judgment without prejudice on all of plaintiff's claims. Plaintiff appeals as of right from the granting of accelerated judgment on its constitutional and statutory claims.

The facts giving rise to plaintiff's complaint are not in dispute. The three members of plaintiff union are classified civil service employees (engi-

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] Const 1963, art 1, § 2; Const 1963, art 11, § 5.
[2] MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.*

neers) with the DNR. All three of these employees applied and interviewed for a promotion to a vacant position at the DNR. Subsequently, the DNR filled the vacant position by appointing a black man who had not previously been employed at the DNR. The three members of plaintiff union are all nonblack males.

During the hearing conducted on defendants' motion for accelerated judgment, it was revealed that the collective bargaining agreement between plaintiff and defendants provided that defendants would oppose all forms of illegal discrimination. It was also revealed that the collective bargaining agreement required that all contract disputes be submitted to arbitration. At the time of the hearing, the DNR was opposing arbitration proceedings, arguing that this case involved an issue concerning management which was not covered by the collective-bargaining agreement. This issue of arbitrability of the contract claim had been submitted to an arbitrator, but had not been decided at the time of the circuit court hearing.

Pursuant to the accelerated judgment hearing, the trial judge specifically held that plaintiff could not proceed in circuit court on the contract claim prior to the arbitrator's determination of whether this claim was arbitrable under the contract. On appeal, plaintiff does not challenge this finding. The trial judge went on to hold that he did not believe the circuit court had jurisdiction over plaintiff's Civil Rights Act claims, since the administrative remedies provided by the DCS to classified civil service employees had not yet been exhausted. The trial judge also held that the circuit court had jurisdiction to address plaintiff's constitutional claims. However, he concluded that whether or not he had jurisdiction over the statutory and constitutional claims, the doctrine of

"judicial abstention" applied to this situation, and that he would abstain from addressing all of the plaintiff's claims while the arbitration procedure on the contract claim was incomplete. The trial judge then granted defendants' motion for accelerated judgment.

Plaintiff argues that the trial judge erred in finding that the circuit court had no jurisdiction over its Civil Rights Act claims and in applying the "doctrine of judicial abstention" as a basis for granting accelerated judgment on its statutory and constitutional claims. We agree.

As to plaintiff's first claim of error, we note that this Court recently held in *Marsh v Dep't of Civil Service*,[3] that classified civil service employees may directly, and in the first instance, bring suit in the circuit court seeking injunctive relief and damages for alleged violations of the Michigan Constitution and the Civil Rights Act. The *Marsh* Court reversed a trial court's grant of accelerated judgment for lack of jurisdiction over a classified state employee's statutory and constitutional claim of employment discrimination. Specifically, the *Marsh* Court found that the Legislature could validly promulgate legislation such as the Civil Rights Act which provides classified civil service employees with a cause of action in circuit court against state agencies for employment discrimination. The *Marsh* Court summarized the reasons for its findings as follows:

> In light of these two constitutional provisions prohibiting discrimination, securing the constitutional and statutory civil rights of all persons, and mandating implementation of these provisions by the Legislature, we hold that the prohibition of legislation for resolution of employment disputes

[3] 142 Mich App 557; 370 NW2d 613 (1985).

of the classified civil service, Const 1963, art 4, § 48, does not extend to the area of employment discrimination. The classified civil service is not exempted from legislation prohibiting discrimination and securing civil rights in employment. Thus the Elliott-Larsen and Handicappers' Civil Rights Acts apply to employees of the classified civil service, and the Civil Rights Commission and circuit court have jurisdiction over discrimination claims of aggrieved employees. [*Marsh, supra,* pp 568-569.]

We note that another panel of this Court has adopted the reasoning and holding of *Marsh* in a decision on this issue.[4] We find the reasoning in *Marsh* persuasive and, thus, conclude that the trial judge erred in finding that the circuit court lacked jurisdiction to address plaintiff's Civil Rights Act claims based on the fact that plaintiff's members had failed to exhaust their administrative remedies.

As to plaintiff's claim that the trial judge erred in applying the "doctrine of judicial abstention" as a basis for granting accelerated judgment, we first note that plaintiff's simultaneous pursuit of its members' contract claim through arbitration procedures does not preclude the circuit court from addressing plaintiff's statutory and constitutional claims.[5] Furthermore, we find that the "doctrine of judicial abstention" does not apply in this situation. The "doctrine of judicial abstention" is applied by the federal courts in order to allow state

---

[4] *Walters v Dep't of Treasury,* 148 Mich App 809; 385 NW2d 695 (1986).

[5] *Kewin v Bd of Ed of Melvindale-Northern Allen Park Public Schools,* 65 Mich App 472, 477-479; 237 NW2d 514 (1975); *Oakley v Dep't of Mental Health,* 122 Mich App 638; 332 NW2d 552 (1983), vacated on other grounds 418 Mich 886 (1983).

courts to decide as-yet unresolved questions of their own state law before a federal court will decide a case involving the unresolved state law issue.[6] This doctrine is based on principles of federalism unique to the relationship between federal and state courts and does not apply to the within situation involving the relationship of a circuit court and an administrative arbitrator. Therefore, we conclude that the "doctrine of judicial abstention" does not provide a basis for the trial judge's granting of accelerated judgment in this case.

On appeal, defendants argue that the trial judge misspoke when he stated that he was applying the doctrine of judicial abstention and actually was applying the state law doctrine of primary jurisdiction. After reviewing the record of the trial judge's findings, we find that defendants' assertion is without factual merit.

However, even if the trial judge meant to apply the doctrine of primary jurisdiction, we find that this doctrine is inapplicable in this situation. The doctrine of primary jurisdiction comes into play when the determination of a claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body.[7] The determination of an employment discrimination claim does not require the resolution of issues which, under a regulatory scheme, have been placed within the special competence of the DCS or any other administrative body. An employment discrimination claim does not involve a complex, pervasive regulatory scheme, such as detailed price regulations in a specialized industry, but involves basic issues

[6] *Harris County Comm'rs Court v Moore,* 420 US 77; 95 S Ct 870; 43 L Ed 2d 32 (1975).

[7] *Attorney General v Diamond Mortgage Co,* 414 Mich 603, 613; 327 NW2d 805 (1982).

of fact and law which the courts address on a regular basis. Thus, we conclude that the doctrine of primary jurisdiction does not apply in this situation to provide a basis for granting accelerated judgment.

Based on our above analysis of plaintiff's statutory and constitutional claims in this case, we conclude that the trial judge had no basis in law for granting defendants' motion for accelerated judgment. We expressly note that we have not decided whether the trial judge, for reasons of judicial economy and consistency of result, could properly hold this case in abeyance while the contract claim arbitration procedure is completed. In this appeal, we find only that the trial judge erred in granting defendants' motion for accelerated judgment on plaintiff's statutory and constitutional claims.

Reversed and remanded.