REED *v* KAYDON ENGINEERING CORPORATION

1. CONTRACTS — UNCONSCIONABILITY — STATE JURISPRUDENCE — UNIFORM COMMERCIAL CODE.

   The concept that substantively unreasonable contractual provisions will not be enforced is part of Michigan jurisprudence, independent of the Uniform Commercial Code; therefore, a court need not decide whether the UCC provisions concerning unconscionable contracts or clauses apply to the parties' contract.

2. CONTRACTS—UNCONSCIONABILITY—FACTORS.

   The commercial setting, purpose, and effect of a contractual provision determines whether that provision is substantively unreasonable or unconscionable.

3. JUDGMENT—SUMMARY JUDGMENT—ABSENCE OF ISSUE—AFFIDAVIT.

   The absence of a genuine issue of material fact must be asserted by the party moving for a summary judgment; absent such an assertion in the motion, duly supported by a proper affidavit, the opposing party is not obligated to show affirmatively that there is a genuine issue of material fact (GCR 1963, 117.2[3]).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 October 12, 1971, at Detroit. (Docket No. 9657.) Decided February 22, 1972.

Complaint by Paul F. Reed against Kaydon Engineering Corporation for payment of sales commission. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded for trial.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts § 192.
[3] 41 Am Jur, Pleading §§ 340–343.

*August, Thompson & Sherr, P. C.*, for plaintiff.

*Parmenter, Forsythe, Rude & Dethmers* (by *Charles F. Schuler, Jr.*), for defendant.

Before: LEVIN, P. J., and R. B. BURNS and J. H. GILLIS, JJ.

LEVIN, P. J. The plaintiff, a manufacturer's representative, commenced this action for commissions after the defendant manufacturer terminated the contract between them.

The defendant, Kaydon Engineering Corporation, is a manufacturer of ball bearings. The plaintiff, Paul F. Reed, doing business as Reed Bearing and Equipment Company, was its sales representative in part of the State of Michigan.

Reed commenced this action claiming that he is entitled to $25,000 in commissions on $300,985.96 of orders placed with Kaydon from Reed's territory before October 31, 1966, the effective date of termination. Kaydon contends that no unpaid commissions are owing because the $300,985.96 of orders were shipped after the effective date of termination, and the contract provides that commissions are payable only on orders shipped before termination.

The contractual relationship of the parties is stated in a printed form of contract prepared by Kaydon entitled Sales Representation Agreement. It provides in part:

(a) Kaydon appoints Reed as its exclusive representative for the sale of its products in the designated territory (para 1);

(b) Kaydon agrees to pay Reed the scheduled commission on all orders "which are shipped into said territory and on all orders for such products

shipped outside said territory which were obtained solely through the efforts of representative acting in said territory, unless such orders were obtained solely through the efforts of any other representative of Kaydon". (para 4);

(c) Commissions will be computed "on all orders shipped after the effective date of this agreement and prior to termination of this agreement as hereinafter provided, without regard to the date of solicitation, acceptance, or invoice". (para 7);

(d) The contract may be terminated by either party forthwith for cause and "without cause by 30 days' written notice delivered to the opposite party". (para 17).

The effective date of the contract was January 1, 1964. It was terminated by Kaydon as of October 31, 1966, by notice of termination sent to Reed September 29, 1966.

Kaydon obtained a summary judgment. Reed appeals.

We reject Reed's contention that there is an ambiguity in the language of the contract which should be resolved in his favor. It is altogether clear, reading the separate paragraphs of the contract as a whole, that commissions are required to be paid only on orders shipped before the effective date of any termination of the contract and that either party has the right to terminate without assigning cause on 30 days' notice.

There may, however, be merit in Reed's alternative contention that the contractual language relieving Kaydon of the obligation to pay commissions on orders not shipped before Kaydon's unilateral termination of the contract is unconscionable and should be denied enforcement.

We need not decide whether, as claimed by Reed, the Uniform Commercial Code provisions concern-

ing unconscionable contracts or clauses apply to this contract. The concept that substantively unreasonable contractual provisions will not be enforced is part of our jurisprudence independently of the Uniform Commercial Code. See *Allen* v *Michigan Bell Telephone Co,* 18 Mich App 632, 638 (1969).

Whether a contractual provision is substantively unreasonable or unconscionable depends on the circumstances—on the facts; as it has been said, on the "commercial setting, purpose and effect" of the provision.* See *Williams* v *Walker-Thomas Furniture Co,* 121 US App DC 315, 319; 350 F2d 445, 449 (1965).

Kaydon's motion for summary judgment does not assert the absence of a genuine issue of material fact regarding Reed's contention that language in the contract is unconscionable; absent such an assertion, duly supported by a proper affidavit, Reed had no obligation to show affirmatively that there is a genuine issue regarding that contention. See *Hollerud* v *Malamis,* 20 Mich App 748, 762 (1969).

The relevance of the factual background becomes apparent upon examination of the briefs filed by Kaydon in the trial court and in our Court which make various assertions regarding the facts in support of its contention that the contractual language is equitable and reasonable.

The reasonableness and conscionability of a particular contractual provision may, indeed, be a question for the court to decide. See *Wilson Trading Corp* v *David Ferguson, Ltd,* 23 NY2d 398, 403; 244 NE2d 685, 688 (1968). However, on a motion for

---

* See MCLA 440.2302(2); MSA 19.2302(2). While the quoted words appear in the Uniform Commercial Code and, as above stated, we expressly avoid deciding whether the code applies in this case, we adopt the quoted language because we think it cogently expresses the pertinent inquiry.

summary judgment, "a trial judge may not anticipate his role as trier of the fact". See *American Parts Co, Inc* v *American Arbitration Association,* 8 Mich App 156, 170 (1967).

On the scanty record presented, neither the trial court nor we could properly make a determination regarding the substantive reasonableness and enforceability of the contractual language relied on by Kaydon.

Reversed and remanded for trial. Costs to plaintiff.

All concurred.

