O'NEILL v CIVIL SERVICE COMMISSION

Docket No. 54073. Submitted March 11, 1982, at Lansing.—Decided
    September 10, 1982. Leave to appeal denied, 417 Mich __.

Lois O'Neill, director of the State Office of Standards and Investi-
    gations and thereby in charge of the Office of Inspector Gen-
    eral, was demoted by the Director of the Department of Social
    Services from a state civil service rating of 18 to a rating of 16.
    O'Neill filed a grievance with the State Civil Service Commis-
    sion. Testimony was taken. The Civil Service Commission af-
    firmed the demotion. O'Neill sought judicial review in Ingham
    Circuit Court. While O'Neill did not request that a transcript of
    commission proceedings be prepared and supplied to the circuit
    court, it appears that the testimony on behalf of the Depart-
    ment of Social Services was that O'Neill was demoted because
    of her inability to work with other branches of government and
    that such cooperation was critical to the function of the Office
    of Standards and Investigations. The testimony on behalf of
    O'Neill apparently attempted to establish that her demotion
    was politically motivated in an attempt to placate the Legisla-
    ture and thereby assure future funding of the Office of Inspec-
    tor General. James T. Kallman, J., found that O'Neill was
    demoted because of political pressure and that the commission's
    findings were not based upon competent, material, and substan-
    tial evidence. The commission appeals. *Held:*

    1. While review is hampered by the failure of O'Neill to
    request a transcript of the proceedings, review is possible, since
    the content of the testimony is contained in the Civil Service
    Commission's opinion.

    2. The Civil Service Commission's determination that
    O'Neill's demotion was proper because of her inability to work
    with other branches of government under circumstances which
    required cooperation was supported by competent, material,
    and substantial evidence on the whole record.

    3. The record does not support the trial court's conclusion
    that the demotion was based on political pressures.

    Reversed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 15A Am Jur 2d, Civil Service § 81.
[2] 15A Am Jur 2d, Civil Service § 71.
[3] 15A Am Jur 2d, Civil Service § 68.

MacKenzie, J., concurred in part and dissented in part. She would agree that the decision of the circuit court must be reversed; however, she would hold that such reversal is mandated by the failure of O'Neill to request a transcript of the proceeding before the Civil Service Commission. She would hold that under such circumstance a court cannot make a meaningful determination that the commission's decision is not supported by competent, material, and substantial evidence on the whole record. While she would reverse the decision of the circuit court, she would permit O'Neill again to seek judicial review in circuit court upon the filing of the necessary transcripts.

OPINION OF THE COURT

1. CIVIL SERVICE — STATE CIVIL SERVICE — CIVIL SERVICE COMMISSION — APPEAL.

The decision of the State Civil Service Commission will be affirmed if it is authorized by law and supported by competent, material, and substantial evidence on the whole record; the Court of Appeals will accord due deference to administrative expertise and will not invade the province of the commission's exclusive administrative fact-finding by displacing the commission's choice between two reasonably differing views.

2. CIVIL SERVICE — STATE CIVIL SERVICE — CIVIL SERVICE COMMISSION — APPEAL.

The decision of the Civil Service Commission to affirm the demotion of a state classified civil service employee on the basis that the employee is not rendering satisfactory service is supported by the record where there is evidence that the employee, a department head, was unable to work with other branches of government and such cooperative efforts were critical to the job which the employee held.

PARTIAL CONCURRENCE AND PARTIAL DISSENT BY MacKenzie, J.

3. CIVIL SERVICE — STATE CIVIL SERVICE — CIVIL SERVICE COMMISSION — TRANSCRIPT OF PROCEEDINGS — APPEAL.

*The failure of a demoted state classified civil servant to request a transcript of the testimony given at the hearing before the Civil Service Commission for the employee's appeal to circuit court precludes any meaningful judicial review of the commission's determination where the question raised is whether the*

*commission's decision is supported by competent, material, and substantial evidence.*

*Farhat, Burns, Story & Stafford, P.C.* (by *E. Michael Stafford* and *Richard C. Kraus*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Stephen H. Garrard,* Assistant Attorney General, for defendant.

Before: M. J. KELLY, P.J., and T. M. BURNS and MacKenzie, JJ.

PER CURIAM. The Michigan Civil Service Commission appeals a circuit court order reversing the commission's decision to affirm the decision to demote Lois O'Neill from a civil service rating of 18 to a rating of 16.

O'Neill, who retired after a distinguished career on the Detroit police force, was appointed by the Governor on January 1, 1975, as Director of Enforcement in the Department of Licensing and Regulation. She was transferred, at the request of Mr. John Dempsey, Director of the Department of Social Services (DSS), to the DSS's Office of Standards and Investigations where she was named director. In this new position, she was given a civil service rating of 18. While plaintiff's title was changed in 1978, she retained her civil service rating.

As director of the Office of Standards and Investigations (OSI), O'Neill was in charge of the Office of Inspector General (OIG). One of the duties of the OIG was to investigate welfare fraud and cooperate with the Attorney General and local prosecutors in the prosecution of fraud indictments. In late 1977, the OIG developed the "sys-

tem concept of welfare fraud" whereby computers were used to match data from welfare records with state and private business records. This process made it possible to determine fraudulent payments of welfare benefits. O'Neill publicized this system in newspapers and appeared on NBC's "Today" show to explain the system. The Attorney General became upset over the premature publicity about the system and of the progress being made in the prosecution of fraud cases. As a result of this dissatisfaction, Director Dempsey reorganized the OIG giving complete responsibility for welfare fraud matters to Paul Allen, Chief Deputy Director of DSS. O'Neill remained as director of the OSI, but had no responsibility for welfare fraud matters.

May, 1978, the Auditor General completed its audit of the OIG. A preliminary audit report, critical of the OIG, was sent to Dempsey on May 18, 1978. Dempsey told O'Neill to investigate the report, but he also informed her that he himself would answer it.

On May 22, 1978, Dempsey appeared before the House Appropriations Subcommittee for hearings concerning the 1979 funding for DSS. During the hearings, the subcommittee asked the Auditor General's staff for information concerning the audit of OIG. Although the audit was not complete, the preliminary information was critical of the OIG's operation. When asked by the subcommittee for her comments, O'Neill claimed that she was treated unfairly in violation of Const 1963, art 1, § 17. The meeting ended with Dempsey attempting to apologize for O'Neill.

The exit review of the audit report was scheduled for June 13, 1978. On June 7, 1978, O'Neill sent a letter to the Auditor General which con-

tained questions which the Auditor General found offensive. A follow-up letter was sent on June 12, 1978, but neither letter was answered. When Dempsey found out about the letters, he attempted to withdraw them, but the Auditor General refused. Copies of the letters were sent to the Legislature.

On June 26, 1978, O'Neill was told that she was being demoted to a civil service rating of 16. On June 27, 1978, she received the formal memo demoting her. The Senate Budget Committee met on June 28, 1978, and voted to abolish the OIG. However, they reconsidered their action after hearing of O'Neill's demotion and restored funding to the OIG.

O'Neill filed a grievance with the Civil Service Commission. After a hearing, the commission denied her grievance.

O'Neill appealed to the Ingham County Circuit Court, which reversed the commission's decision. The court found that she was demoted because of political pressure by the Legislature and that the commission's findings were not based upon competent, material, and substantial evidence. The commission appeals the circuit court decision.

The decision of the Civil Service Commission will be affirmed if it is authorized by law and supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; *Parnis v Civil Service Comm,* 79 Mich App 625, 628; 262 NW2d 833 (1977). We accord due deference to administrative expertise and will not invade the province of exclusive administrative fact-finding by displacing an agency's choice between two reasonably differing views. *Michigan Employment Relations Comm v Detroit Symphony Orchestra, Inc,* 393 Mich 116, 124; 223 NW2d 283

(1974). The commission does not have to support its decision by a preponderance of the evidence. *Parnis, supra,* 630.

Review of this case is hampered by the lack of transcripts of the oral testimony before the Civil Service Commission. As Judge MacKenzie's partial concurrence correctly points out, it was the parties' responsibility to insure that the testimony was transcribed and made part of the record. See GCR 1963, 706.3; MCL 24.286; MSA 3.560(186). However, plaintiff failed to request a transcript when she appealed to the circuit court. While we are hampered by plaintiff's oversight, we note that the content of the testimony contained in the opinion of the Civil Service Commission hearing officer is not disputed. Therefore, we will review this case to determine if the Civil Service Commission's decision is based upon competent, material, and substantial evidence.

O'Neill's demotion was made pursuant to Civil Service Commission Rule 27, which provides in pertinent part:

"27.1 *Definition.*—A demotion is defined as a transfer of a status employee from a position which he occupies in one class to a position in another class at a lower classification level.

"27.2 *Condition.*—A demotion may be under any of the following conditions:

"27.2a When an employee is not rendering satisfactory service in the position he holds."

On appeal, plaintiff does not challenge the validity of the rule, but argues that the commission's decision was not supported by competent, material, and substantial evidence.

A review of the evidence taken by the commission does support the commission's decision.

John Dempsey, Director of DSS, testified that he had supervised O'Neill for three years. During that time, he counseled her about her attitude on several occasions. Dempsey further testified that O'Neill was cynical, hard-nosed, and uncooperative at department meetings. According to Dempsey, plaintiff was not interested in administrative settlements of welfare fraud cases but would rather prosecute offenders. The evidence also demonstrated that she was relieved of her duties as supervisor of the OIG's welfare fraud functions because the Attorney General thought progress on fraud cases was unsatisfactory and the "welfare computer match system" was receiving premature publicity. Finally, the evidence showed that O'Neill had poor working relationships with the Legislature and the Auditor General. While facts were presented which demonstrated that O'Neill's supervision of the Office of Standards and Investigations was commendable, the evidence does support the conclusion that she was unable to work with other branches of the government which were critical to the OSI's function. Therefore, the Civil Service Commission's decision was based upon competent, material, and substantial evidence on the whole record.

The circuit court, however, found that O'Neill's demotion was for political reasons and reversed the Civil Service Commission. According to O'Neill, she was demoted to insure the continued funding for the OIG. This argument ignores the facts. O'Neill was first informed of the decision to demote her on June 26, 1978. The next day, she received a memo formally demoting her to a Civil Service rating 16. On June 28, 1978, the Senate Budget Committee first considered abolishing the OIG. They reconsidered their decision on June 30,

1978, when they discovered O'Neill's demotion. There was no evidence presented demonstrating that DSS knew of the Senate Budget Committee's action prior to June 28, 1978. The decision to demote plaintiff was made at least two days prior to the committee's decision. Under these facts, we are unable to say that O'Neill's demotion was based upon political pressure by the Senate Budget Committee.

The decision of the circuit court is reversed and the Civil Service Commission's order of demotion is reinstated.

MACKENZIE, J. *(Concurring in part, dissenting in part)*. I agree with the majority that the circuit court's decision should be reversed. Appeals from decisions of the Civil Service Commission are governed by the procedures for appeals from administrative agencies in the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.* See GCR 1963, 706.3. The commission's decision will be affirmed if it is authorized by law and supported by competent, material, and substantial evidence *on the whole record.* Const 1963, art 6, § 28. A court cannot decide whether a decision is supported by competent, material, and substantial evidence on the whole record if the whole record is not before it. A review of the opinions of the hearing officer, the circuit court, and the majority shows that the testimony of various witnesses, including the late John Dempsey, was crucial to their decisions. The record shows that the testimony was offered in the course of two days of evidentiary hearings. Transcripts of those hearings were not included in the record which was before the circuit court and is now before this Court.

The procedure for transmitting the record from

the agency to circuit court is specified in MCL 24.304(2); MSA 3.560(204)(2):

"Within 60 days after service of the petition, or within such further time as the court allows, the agency shall transmit to the court the original or certified copy of the entire record of the proceedings, unless parties to the proceedings for judicial review stipulate that the record be shortened. A party unreasonably refusing to so stipulate may be taxed by the court for the additional costs. The court may permit subsequent corrections to the record."

However, the agency's obligation under the foregoing section is limited by MCL 24.286; MSA 3.560(186), which states:

"(1) An agency shall prepare an official record of a hearing which shall include:

"(a) Notices, pleadings, motions and intermediate rulings.

"(b) Questions and offers of proof, objections and rulings thereon.

"(c) Evidence presented.

"(d) Matters officially noticed, except matters so obvious that a statement of them would serve no useful purpose.

"(e) Proposed findings and exceptions.

"(f) Any decision, opinion, order or report by the officer presiding at the hearing and by the agency.

"(2) Oral proceedings at which evidence is presented shall be recorded, but *need not be transcribed unless requested by a party who shall pay for the transcription* of the portion requested except as otherwise provided by law." (Emphasis added.)

"Party" is defined in MCL 24.205(3); MSA 3.560(105)(3) as follows:

" 'Party' means a person or agency named or admit-

ted, or properly seeking and entitled of right to be admitted, as a party in a contested case."

The "parties" in the proceedings before the commission were O'Neill and the Department of Social Services; however, on review in circuit court, the defendant was the commission rather than the department. It therefore apears to me that it was O'Neill's responsibility to insure that the relevant transcripts were placed before the circuit court by requesting transcription of the hearings.

It should be noted, however, that the commission has never pointed out the deficiency in the record, although on appeal the commission argues that the circuit court erred by finding that the commission's decision was not supported by competent, material, and substantial evidence in the whole record. I believe that reversal is required here to protect the integrity of the judicial process; judicial review under the circumstances presented here is an exercise in absurdity. However, in view of the commission's silence on this point, I would exercise our power to grant such relief as a case may require, GCR 1963, 820.1(7), and order a new hearing in circuit court for O'Neill on the condition that she take the necessary steps to supply the circuit court with the transcripts.