GIANNI SPORT LTD v GANTOS, INC

Docket No. 83878. Submitted March 4, 1986, at Grand Rapids. Decided April 28, 1986.

Plaintiff, Gianni Sport Ltd, a manufacturer and distributor of women's clothing, obtained a judgment for money damages against defendant, Gantos, Inc., a retailer of women's clothing, following a bench trial in Kent Circuit Court, Robert A. Benson, J. Defendant appealed and plaintiff cross-appealed from the circuit court's rejection of its claim for additional damages. *Held:*

1. The circuit court did not err in ruling that a clause printed on defendant's purchase order which allowed defendant to cancel its orders at any time before the goods were shipped by plaintiff or if delivery of the goods was not timely was unconscionable. The clause was substantively unreasonable when viewed in light of the general commercial background and the commercial needs of the parties' trade.

2. Plaintiff's claim that it was entitled to additional damages centered around a disputed price reduction for one of the shipments of goods. The circuit court did not clearly err in finding defendant's witnesses more credible than plaintiff's witnesses in resolving the issue of the disputed price reduction.

Affirmed.

1. CONTRACTS — UNCONSCIONABILITY — UNIFORM COMMERCIAL CODE.

The Uniform Commercial Code, in authorizing a court to refuse to enforce an unconscionable clause or contract, requires the court to afford the parties an opportunity to present evidence as to the agreement's commercial setting, purpose, and effect to

REFERENCES

Am Jur 2d, Commercial Code §§ 17, 28.
Am Jur 2d, Contracts §§ 155 *et seq.,* 192, 216 *et seq.*
Unconscionability, under UCC § 2-302 or § 2-719(3), of disclaimer of warranties or limitation or exclusion of damages in contract subject to UCC Article 2 (Sales). 38 ALR4th 25.
"Unconscionability" as ground for refusing enforcement of contract for sale of goods or agreement collateral thereto. 18 ALR3d 1305.
See also the annotations in the ALR3d/4th Quick Index under Contracts.

aid the court in making the determination as to unconscionability (MCL 440.2302; MSA 19.2302).

2. CONTRACTS — UNCONSCIONABILITY — APPEAL.
A trial court's ruling that a contract is unconscionable will be upheld by the Court of Appeals if it is not clearly erroneous.

3. CONTRACTS — UNCONSCIONABILITY — UNIFORM COMMERCIAL CODE.
A court, when reviewing a contract for the sale of goods between merchants for unconscionability, may examine (1) the relative bargaining power of the parties, their relative economic strength, and any alternative sources of supply, and (2) the substantive reasonableness of the challenged terms; however, even if the parties had other options or unequal bargaining power, the court must enforce the contract where the challenged terms are substantively reasonable.

4. APPEAL — FINDINGS OF FACT — COURT RULES.
A trial court's findings of fact will not be set aside by the Court of Appeals unless they are clearly erroneous; the Court of Appeals must give regard to the trial court's special opportunity to judge the credibility of the witnesses who testified (MCR 2.613[C]).

*Law Offices of John F. Muller* (by *David C. Myers*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *J. Clarke Nims*), for defendant.

Before: D. F. WALSH, P.J., and HOOD and K. N. HANSEN,* JJ.

PER CURIAM. Defendant appeals from a Kent Circuit Court order granting plaintiff a judgment for $27,290 in this dispute concerning certain commercial transactions between plaintiff, a New York manufacturer and distributor of women's clothing, and defendant, a clothing retailer headquartered in Grand Rapids. Plaintiff cross-appeals from the trial court's rejection of its claim to additional damages.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

The issue raised by defendant's appeal is the correctness of the trial judge's determination that the following clause, printed on the back of defendant's purchase orders, is unconscionable under the Uniform Commercial Code:

> Buyer reserves the right to terminate by notice to Seller all or any part of this Purchase Order with respect to Goods that have not actually been shipped by Seller or as to Goods which are not timely delivered for any reason whatsoever.

On June 10, 1980, defendant submitted to plaintiff a purchase order, containing the above clause, for women's holiday clothing to be delivered on October 10, 1980. Defendant cancelled this order late in September, 1980. The trial court found that plaintiff subsequently agreed to a fifty percent price reduction if defendant would accept the goods anyway, but the court held this agreement invalid because it found that the cancellation clause, which made the agreement necessary, was unconscionable.

The UCC, in authorizing a court to refuse to enforce an unconscionable clause or contract, requires the court to afford the parties an opportunity to present evidence as to the agreement's commercial setting, purpose and effect to aid the court in making the determination as to unconscionability. MCL 440.2302; MSA 19.2302. The Official UCC Comment to this section describes the basic test as whether, in the light of the general commercial background and commercial needs of the particular trade, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. "The principle is one of prevention of oppression and unfair surprise and not of distur-

bance of allocation of risks because of superior bargaining power." The Practice Commentary states that unconscionability is a question of law for the court to decide. We will uphold a trial court's finding of unconscionability if it is not clearly erroneous. *Mallory v Conida Warehouses, Inc,* 134 Mich App 28, 32; 350 NW2d 825 (1984), lv den 422 Mich 958 (1985).

Michigan case law applying this provision to a clause in a contract between merchants is sparse. Although not decided under the UCC, the inquiries used in *Allen v Michigan Bell Telephone Co,* 18 Mich App 632, 637; 171 NW2d 689 (1969), lv den 383 Mich 804 (1970), to determine unconscionability are instructive: (1) What is the relative bargaining power of the parties, their relative economic strength, the alternative sources of supply? (2) Is the challenged term substantively reasonable? The Court went on to say that, even if the parties had other options or unequal bargaining power, if the term is substantively reasonable, it will be enforced. *Id.,* p 638. Reasonableness is thus the primary consideration. *St Paul Fire & Marine Ins Co v Guardian Alarm Co of Mich,* 115 Mich App 278, 284; 320 NW2d 244 (1982). If a termination clause appears reasonable to this Court, disparity in bargaining power between the parties will not make the clause unenforceable. *Michigan Ass'n of Psychotherapy Clinics v Blue Cross & Blue Shield of Michigan,* 101 Mich App 559, 574-575; 301 NW2d 33 (1980), modified 411 Mich 869 (1981).

The trial court in this case determined that the parties did not have equal bargaining power. The "holiday order" comprised twenty to twenty two percent of plaintiff's business in 1980, and defendant's sales total in 1980 was some twenty times that of plaintiff's.

But the court, relying on *Allen's* focus on the reasonableness of the clause, also determined that the cancellation clause was not reasonable. The court questioned whether a clause entitling one party to cancel at any time even allowed for a contract to exist. The court pointed out that plaintiff made the goods in question especially for defendant pursuant to this order. Noting the fast-changing character of the women's fashion industry, the court distinguished this case from situations where cancellation means the seller merely replaces the goods back on the shelf to await another order. Here, a last-minute cancellation places the seller in the untenable position of absorbing the loss or negotiating with the buyer to accept the goods at a reduced price. The trial court found this unconscionable.

Defendant argues that the parties, who had been doing business together for over two years prior to this incident, were both experienced in the ways of the fashion industry and that this clause merely allocated risks. Mr. Gianni testified that he never read the clause, but if he had, he never would have done business with defendant. There was no evidence that the clause was negotiable, although Mr. Gantos admitted that some manufacturers want to negotiate that clause. The trial court found most accurate the testimony of Mr. Steinberg, Gantos' buyer, who testified that these clauses were standard practice because "the buyer in our industry is in the driver's seat." The trial court found that the "big sharks" in the garment industry were able to impose these clauses because small, independent manufacturers such as plaintiff had no clout to demand otherwise.

This case is thus distinguishable from *Cardinal Stone Co, Inc v Rival Mfg Co,* 669 F2d 395 (CA 6, 1982), where the court, without analyzing the

substantive reasonableness of the terminate-at-any-time clause, found that the manufacturer knowingly accepted this risk as part of the agreement. In *Rival* the court described the parties as "experienced businessmen," and there was no hint of unequal bargaining power or lack of alternatives for the manufacturer.

Although both parties and the lower court discuss *Johnson v Mobil Oil Corp*, 415 F Supp 264 (ED Mich, 1976), we do not find it applicable to the case before us. The *Johnson* court found unconscionable under Michigan law a clause excluding consequential damages in a contract for a gas station dealership. Plaintiff Johnson was illiterate, and the court held that a contracting party with the immense bargaining power of the Mobil Oil Corporation had an affirmative duty to obtain the voluntary knowing assent of an uncounseled layman to a clause limiting liability. That case did not involve the ucc, did not concern a cancellation-at-will clause, and involved parties with bargaining power much more disproportionate than in the case before us.

We cannot say that the trial court's ruling that this clause was unconscionable was clearly erroneous.

The cross-appeal asks us to review the trial court's findings that plaintiff agreed to a price reduction on another shipment of clothing which arrived two weeks late, and agreed to a $2,000 advertising allowance. Plaintiff concedes there was testimony to support these findings, but argues that the findings are contradicted by the preponderance of the evidence.

We will not set aside findings of fact by the trial court unless we find them to be clearly erroneous. MCR 2.613(C). We must give regard to the trial court's special opportunity to judge the credibility

of the witnesses who testified. *Id.* Resolution of these issues depended on which party's witnesses were more credible. The trial court believed defendant, and made no clear error in doing so.

Affirmed in all respects.