MOSS v DEPARTMENT OF MENTAL HEALTH

Docket No. 87509. Submitted November 5, 1986, at Grand Rapids. Decided January 27, 1987.

Corinne Moss, while working as an employee of the Muskegon Regional Center for Developmental Disabilities, a facility of the Department of Mental Health, was injured when a resident kicked her in the head on January 10, 1981. Moss did not work from that date until February 2, 1981, during which time she received "assault pay" benefits which supplemented workers' compensation benefits pursuant to the collective bargaining agreement and MCL 330.1113; MSA 14.800(113). Moss again left work on October 13, 1983, until June 3, 1984, allegedly because of the injuries she sustained in the 1981 assault. She filed a union grievance when assault pay benefits were denied for her second period of absence. An arbitrator ruled against Moss and she then filed an action in the Muskegon Circuit Court against the Department of Mental Health, alleging a breach of the collective bargaining agreement and a cause of action based on MCL 330.1113; MSA 14.800(113). The circuit court, James M. Graves, Jr., J., granted summary disposition in favor of defendant, ruling that plaintiff's claim for assault pay benefits under MCL 330.1113; MSA 14.800(113) was barred by the arbitration award. Plaintiff appealed.

The Court of Appeals *held:*

1. The assault pay provision of the collective bargaining agreement is similar to that provided under MCL 330.1113; MSA 14.800(113). Thus, MCL 330.1113; MSA 14.800(113) is substantially merged with the assault pay provision of the collective bargaining agreement and the arbitrator was not faced with a constitutional cause of action or a question of statutory construction, but rather was faced with a pure ques-

REFERENCES

Am Jur 2d, Criminal Law §§ 1051-1058.

Am Jur 2d, Labor and Labor Relations §§ 1851 *et seq.*

Statutes providing for governmental compensation for victims of crime. 20 ALR4th 63.

Matters arbitrable under arbitration provisions of collective labor contract. 24 ALR2d 752.

tion of fact, i.e., whether plaintiff's disability was caused by the assault. Arbitration was an appropriate, exclusive and final forum for the resolution of the matter, and the circuit court correctly ruled that plaintiff's action was barred by the arbitration award.

2. Arbitration is a well-established mechanism for dispute resolution and highly favored by the courts. Thus, plaintiff's contention that arbitration is an unconstitutional intrusion upon the powers of the judiciary as set forth in Const 1963, art 6, § 1 is without merit.

Affirmed.

MENTAL HEALTH — DEPARTMENT OF MENTAL HEALTH — ASSAULT PAY FOR EMPLOYEES — ARBITRATION.

An action brought by an employee of a Department of Mental Health facility seeking assault pay benefits pursuant to the terms of the collective bargaining agreement and a statute providing for such benefits is barred by a prior arbitration award where the statutory provisions are substantially merged into the assault pay provisions of the collective bargaining agreement ruled upon in arbitration (MCL 330.1113; MSA 14.800[113]).

*McCroskey, Feldman, Cochrane & Brock, P.C.* (by *John P. Halloran*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker,* Assistant Attorneys General, for the Department of Mental Health.

Before: CYNAR, P.J., and M. J. KELLY and J. A. HATHAWAY,* JJ.

PER CURIAM. Plaintiff appeals as of right from an August 30, 1985, order of the Muskegon Circuit Court which granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(7). The court determined that plaintiff's claim for "assault pay" benefits pursuant to MCL 330.1113; MSA 14.800(113) was barred by a prior arbitration award.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff was an employee of the Muskegon Regional Center for Developmental Disabilities for eleven years prior to January 10, 1981. On that date, plaintiff was injured on the job when she was kicked in the head by a resident, allegedly sustaining soft tissue, whiplash-type injuries to her back, neck and shoulders. As a result of her injuries, plaintiff did not work from January 10, 1981, to February 2, 1981. During this period of absence from work, plaintiff received assault pay benefits pursuant to her collective bargaining agreement and MCL 330.1113; MSA 14.800(113). On October 13, 1983, plaintiff again left work, allegedly because of the injuries sustained on January 10, 1981. She did not return to work until June 3, 1984. Assault pay benefits were denied for this second period of absence from work.

Plaintiff filed a union grievance on April 11, 1984, which was denied in an arbitration award for lack of a causal link between plaintiff's medical condition and the assault which had occurred on January 10, 1981. This award was based on conflicting medical evidence presented by both the union and the employer at the arbitration hearing on February 22, 1985. The arbitrator issued his opinion denying plaintiff's employment grievance on May 20, 1985.

Plaintiff filed her complaint in the instant action on July 2, 1985, alleging both breach of the collective bargaining agreement and a statutory cause of action based on MCL 330.1113; MSA 14.800(113). She received workers' compensation benefits during her second absence from work. Defendant's subsequent motion for summary disposition was based on three grounds: (1) the bar of the arbitration award pursuant to MCR 2.116(C)(7); (2) lack of subject-matter jurisdiction pursuant to MCR 2.116(C)(4); and (3) failure to

state a claim pursuant to MCR 2.116(C)(8) on the ground that MCL 330.1113; MSA 14.800(113) is an unconstitutional legislative interference with the power of the Civil Service Commission.

Plaintiff claims on appeal that the arbitration award which determined that she was not entitled to assault pay benefits under the collective bargaining agreement does not bar her cause of action for assault pay benefits pursuant to MCL 330.1113; MSA 14.800(113). Plaintiff contends that the latter cause of action is distinct from the arbitration award under the collective bargaining agreement because it is statutory in nature. Further, she claims that issues decided at arbitration were outside the scope of the arbitrator's expertise.

In *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974), the United States Supreme Court held that a prior arbitration determination that petitioner was not discharged by his employer as a result of racial discrimination did not bar subsequent litigation against the employer under Title VII of the Civil Rights Act of 1964 for unlawful racial discrimination. In so holding, the Court emphasized the importance of the congressional policy underlying the Civil Rights Act of 1964, which is the prevention of racial discrimination. 415 US 47. In rejecting an argument that an employee's rights under Title VII may be waived, the Court stated:

> Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices. Of necessity, the rights conferred can form no part of the collective-bargaining process since waiver of these rights would defeat the paramount congressional purpose behind Title VII. [415 US 51.]

From this unequivocal congressional policy and

from the express statutory provision for a private cause of action for victims of employment discrimination, the Court inferred that Congress did not intend that an arbitration award based upon a union grievance would foreclose relief through federal courts. Thus, Congress created a statutory cause of action independent from the petitioner's cause of action for breach of the collective bargaining agreement, and this independent statutory cause of action was not barred by an adverse arbitration award, the scope of which is confined to contractual interpretation and application. 415 US 52-54.

Here, plaintiff invokes the *Gardner-Denver* exception to the rule that arbitration decisions are given collateral estoppel effect by courts. Plaintiff reads *Gardner-Denver* as allowing resort to legal action whenever a right contained in a collective bargaining agreement has a statutory source.

This Court and the Michigan Supreme Court have rejected the application of *Gardner-Denver* in contexts similar to the instant case. In *Fulghum v United Parcel Service, Inc,* 424 Mich 89; 378 NW2d 472 (1985), the Supreme Court recognized the strong policy of according finality to decisions reached in arbitration. Application of *Gardner-Denver* was expressly rejected:

> Although the [United States] Supreme Court recognized an exception to the rule of finality in the context of a Title VII employment discrimination claim in *Alexander v Gardner-Denver Co,* 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974), it has no application to this case. Here, the finding of the grievance committees that plaintiffs seek to avoid is not one of constitutional magnitude or statutory construction; rather, it is a simple question of fact clearly within the competence of the grievance committees. [424 Mich 93.]

Since there is neither a constitutional cause of action nor a question of law concerning statutory construction or interpretation in the instant case, *Fulghum* suggests that *Gardner-Denver* has no application.

Further in *Saginaw v Michigan Law Enforcement Union, Teamsters Local 129,* 136 Mich App 542, 553-554; 358 NW2d 356 (1984), this Court distinguished *Gardner-Denver* as follows:

> The differences between the instant case and *Gardner-Denver* are readily apparent. In the instant case, plaintiff did not initiate an independent civil action, pursuant to a statutory scheme, for judicial consideration of its rights; rather, it filed a complaint to have a binding arbitration award vacated. Thus, plaintiff was not seeking judicial consideration of rights separate from those considered by the arbitrator in resolving the contractual dispute. Additionally, unlike the collective-bargaining agreement in *Gardner-Denver,* the instant agreement incorporates the terms of that statute. By specifically incorporating the terms of the statute into the contract, the parties empowered the arbitrator to interpret the statute. Statutory interpretation became integrated with contractual interpretation.

We read *Saginaw, supra,* as rejecting the idea that *Gardner-Denver* allows for the survival of any statutory cause of action following an arbitration determination.

In the instant case, the assault pay provision of the collective bargaining agreement stated:

> *Section K. Public Acts 414, 232 & 280.*
> Employees covered under the above Public Acts and who are injured during the course of their employment as a result of an assault by a recipient (or inmate) or as a result of helping another

employee in subduing a recipient or injured during a riot shall receive their full net wages as follows: The employee shall receive in addition to Workers Compensation, a supplement from the Department which together with Workers Compensation benefits shall equal but not exceed the weekly net wage of the employee at the time of injury.

MCL 330.1113; MSA 14.800(113) [1976 PA 414] is similar:

A person employed by the department who is injured as a result of an assault by a recipient of mental health services shall receive his full wages by the department until workmen's compensation benefits begin and then shall receive in addition to workmen's compensation benefits a supplement from the department which together with the workmen's compensation benefits shall equal but not exceed the weekly net wage of the employee at the time of the injury. This supplement shall only apply while the person is on the department's payroll and is receiving workmen's compensation benefits and shall include an employee who is currently receiving workmen's compensation due to an injury covered by this section. Fringe benefits normally received by an employee shall be in effect during the time the employee receives the supplement provided by this section from the department.

Thus, MCL 330.1113; MSA 14.800(113) is substantially merged with the assault pay provision of the collective bargaining agreement, and the arbitrator is empowered to make determinations on both the statute and the contract. Because there is no question of statutory construction in the instant case, but rather a pure question of fact, i.e., whether plaintiff's disability was caused by the assault, arbitration was an appropriate, exclusive and final forum for the resolution of the matter.

Although plaintiff suggests that the arbitrator's admission that he had no special expertise to make judgments about medical issues demonstrates that the arbitrator acted outside the scope of his expertise and that the circuit court would be an appropriate forum for plaintiff's cause of action, plaintiff fails to explain how the arbitrator is less qualified to make findings of fact concerning medical matters than a trial court would be. The medical issue is a pure question of fact and arbitration was an appropriate means to decide the question.

Further, we do not find that determinations of whether employees are entitled to assault pay approaches the magnitude of weighty policies underscored by the Civil Rights Act of 1964. The question in the instant case is more similar to that decided in *Saginaw v Michigan Law Enforcement Union, supra,* and therefore the application of the *Gardner-Denver* exception is not justified.

Plaintiff's final contention on appeal is that the arbitration is an unconstitutional intrusion upon the powers of the judiciary set forth in Const 1963, art 6, § 1. We find no merit to this claim. Arbitration is a well-established mechanism for dispute resolution which is highly favored by the courts. See *Fulghum, supra,* pp 92-93.

We find that the circuit court correctly determined that the arbitration award barred subsequent litigation of plaintiff's claim for assault pay. Summary disposition was therefore properly granted to defendant.

Affirmed.