MICHIGAN STATE EMPLOYEES ASSOCIATION v DEPARTMENT
OF CORRECTIONS

Docket No. 92608. Submitted April 13, 1988, at Lansing. Decided July
14, 1988.

Patricia A. Russell, employed by the Department of Corrections
as a teacher at the Michigan Reformatory at Ionia, was as-
saulted by an inmate in October, 1980. Russell became unable
to work as a result of the assault and in October, 1981, she
began receiving workers' compensation benefits and supplemen-
tal benefits pursuant to the statute which provides for the
payment of supplemental benefits to employees of state penal
institutions who are injured and unable to work as a result of
an assault by an inmate. When the Department of Corrections
subsequently ceased paying the supplemental benefits after
department-wide layoffs in November, 1982, Russell and her
labor union, Michigan State Employees Association, submitted
for arbitration a grievance contesting her layoff and brought an
action in the Ingham Circuit Court contesting the discontinu-
ance of the supplemental benefits. The trial court, James R.
Giddings, J., determined that the department was without
authority to cease payments, finding no statutory authority for
the department's contention that payments are limited to one
hundred weeks. The court also ruled that the propriety of
Russell's layoff was a question for the arbitrator's determina-
tion. The arbitrator subsequently found Russell's layoff to be
proper. The department appealed, claiming error in the trial
court's determination that the payment of supplemental bene-
fits is not subject to a time limitation. Plaintiffs cross-appealed,
claiming error in the trial court's determination that the
propriety of Russell's layoff was a question for the arbitrator.

The Court of Appeals *held:*

1. The statute which provides for the benefits in question,
MCL 791.263a; MSA 28.2323(1), requires two conditions for
eligibility: (1) that the person be on the payroll; and (2) that the

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 329, 364.
See Index to Annotations under Prison Guards or Officials; Work-
er's Compensation.

person be receiving workers' compensation. As long as these two conditions are met, supplemental benefits may continue indefinitely.

2. The trial court correctly concluded that the question of the propriety of Russell's layoff was a matter for the arbitrator's determination under the terms of the collective bargaining agreement.

3. A remand is necessary to determine Russell's eligibility for additional supplemental benefits in light of defense counsel's statement, at oral argument before this Court, that Russell would have been reinstated in November, 1984.

Affirmed and remanded for further proceedings.

PRISONS AND PRISONERS — PENAL INSTITUTION EMPLOYEES — SUPPLE-
MENTAL BENEFITS FOR INMATE ASSAULTS.

A person employed by a state penal institution who is injured and becomes unable to work as a result of an assault by an inmate shall be eligible to receive a supplemental benefit in addition to workers' compensation benefits as long as he remains on the payroll of the Department of Corrections and continues to receive workers' compensation benefits (MCL 791.263a; MSA 28.2323[1]).

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *Michael E. Cavanaugh*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jann R. Baugh* and *Patricia L. Sherrod,* Assistant Attorneys General, for defendant.

Before: BEASLEY, P.J., and HOOD and R. L. TAH-
VONEN,* JJ.

PER CURIAM. The parties appeal as of right from orders of the Ingham Circuit Court. This case involves a dispute over plaintiff Patricia A. Russell's eligibility for supplemental benefits available under MCL 791.263a; MSA 28.2323(1) to Department of Corrections employees injured as a result of an inmate assault. We affirm the decision of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

circuit court and remand for further proceedings consistent with this opinion.

The facts are not in dispute. Russell was assaulted in October, 1980, by an inmate while employed as a teacher by the Department of Corrections at the Michigan Reformatory in Ionia. The trauma of the assault rendered her totally disabled and unable to work by October, 1981, and she was awarded workers' compensation benefits. She also received supplemental benefits as provided for by the above statute. This dispute concerns actions by the Department of Corrections to terminate those benefits either on the basis of a department-wide layoff that occurred in November, 1982, or a Civil Service Commission rule limiting supplemental benefits to one hundred weeks.

In July, 1983, plaintiffs filed their complaint protesting the wrongful termination of the supplemental assault benefits. A number of orders and opinions have resulted including an order remanding to arbitration the question of the propriety of Russell's layoff. On appeal are issues raised by the remand order and the court's grant of summary disposition in favor of plaintiffs on the impropriety of the one hundred-week limit.

Defendant argues that the court erred in its opinion that the Department of Corrections could not impose a one hundred-week limit on the supplemental benefit. The supplemental benefit statute is silent as to how long supplemental benefits are to be paid. The statute provides for only two conditions for eligibility: (1) that the person be on the payroll; and (2) that the person be receiving workers' compensation.[1] If these two conditions are met the implication is that supplemental benefits

---

[1] The supplemental benefit statute provides for an assault benefit for employees of a state penal institution who are injured on the job

will continue indefinitely. The language of the statute is plain and unambiguous and this Court is not free to go beyond the obvious meaning of the language. *Detroit v Redford Twp,* 253 Mich 453, 455-456; 235 NW 217 (1931).

That the Civil Service Commission has adopted a policy limiting the number of weeks for supplemental benefits is not dispositive. While this Court will defer to decisions of the commission, it will do so only where the decision is authorized by law. Const 1963, art 6, § 28; *O'Neill v Civil Service Comm,* 121 Mich App 256, 260; 328 NW2d 547 (1982). Supplemental disability compensation is not an employment-related activity which comes under the authority of the commission. *Oakley v Dep't of Mental Health (On Remand),* 136 Mich App 58; 355 NW2d 650 (1984). Therefore, the commission policy is not controlling.

Nor do the cases cited by defendant compel us to limit benefits in direct contradiction to the statute. In *Michigan State Police Command Officers' Association, Inc v Dep't of Public Safety,* 80 Mich App 278; 263 NW2d 47 (1977), the commission's rules were appropriately consulted to resolve a question of statutory interpretation and the meaning to be given a key phrase. In *Jesse v Dep't of Mental Health,* 130 Mich App 350; 343 NW2d 548 (1983), the Court did not hold that supplemental assault benefits may be arbitrarily discontinued after one hundred weeks. The Court upheld the Department of Mental Health's standard procedure of discharg-

as a result of an attack, MCL 791.263a; MSA 28.2323(1). Substantially identical statutes provide the same assault benefits for employees of the Department of Mental Health, MCL 330.1113; MSA 14.800(113), the Department of Social Services, MCL 400.1c; MSA 16.401(3), and the Department of State, MCL 38.1181; MSA 3.366(1).

The benefit statute for penal employees has not been the subject of judicial review or interpretation. However, we rely throughout this opinion on cases where this Court has considered the substantially identical mental-health statute.

ing employees who have been on leave in excess of one hundred weeks. The Court found that benefits could then be discontinued because the employee was no longer on the payroll. Neither case addresses the situation here, where the defendant is asking us not to interpret or apply a statute but to expand the statute beyond its plain meaning.

The circuit court was correct in not upholding the one hundred-week limit.

On cross-appeal, plaintiffs argue that the determination of benefits is a statutory right to be determined by the court and not the arbitrator. We agree that eligibility under the statute is an issue within the circuit court's jurisdiction. See, e.g., *Samuel v Dep't of Mental Health,* 140 Mich App 101, 105-107; 364 NW2d 294 (1985). However, that does not negate the arbitrator's role in making findings of fact on related issues where appropriate. See *Moss v Dep't of Mental Health,* 159 Mich App 257; 406 NW2d 203 (1987). The record indicates that a grievance was filed under plaintiffs' collective bargaining agreement regarding the propriety of Russell's layoff prior to the court's order. As provided for under the agreement, the issue was submitted to binding arbitration. The arbitrator found the layoff to be proper.

The circuit court correctly concluded that the question of whether the November 6, 1982, layoff was proper was for the arbitrator to determine. Plaintiffs do not dispute that a proper layoff would remove Russell from the payroll for purposes of the statute. The arbitrator's finding that the layoff was proper is determinative of the factual question of whether Russell was "on the department's payroll" for purposes of the assault statute. *Moss, supra,* p 263. However, that does not mean that Russell is no longer eligible for benefits. At oral argument defense counsel agreed that Russell

would have been recalled in November, 1984, thereby apparently reinstating her "on the department's payroll." We therefore remand to the circuit court for a determination of the benefits due Russell in light of the arbitrator's decision and the November, 1984, recall.

Affirmed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.