**DODGE CITY, INC., a Delaware corporation, Plaintiff–Appellee,**

v.

**CHRYSLER MOTORS CORPORATION, a Delaware corporation, Defendant–Appellant.**

**No. 86CA1819.**

Colorado Court of Appeals, Div. II.

June 22, 1989.

Rehearing Denied Aug. 3, 1989.

Walters & Theis, B. Lawrence Theis and Michael D. Burns, Denver, for plaintiff-appellee.

Welborn, Dufford, Brown & Tooley, William C. Robb and Diane L. Burkhardt, Denver, and Allan M. Huss, Highland Park, Mich., for defendant-appellant.

METZGER, Judge.

In this declaratory judgment action, defendant, Chrysler Motors Corporation (Chrysler), appeals the judgment entered in favor of plaintiff, Dodge City, Inc. (Dodge City). We affirm.

In 1970 Chrysler and Dodge City entered into the Dodge Direct Dealer Agreement (Dealer Agreement). Chrysler uses the same form of Dealer Agreement for its more than 4,000 dealers nationwide. The agreement, which has no expiration date, provides that Chrysler has the right to amend the agreement to the extent that Chrysler deems advisable, provided that Chrysler makes the same amendment in dealer agreements generally.

In 1980 Chrysler created a Customer Arbitration Board (CAB) pursuant to guidelines set out in the Magnuson–Moss Warranty–Federal Trade Commission Improvement Act of 1975 (Magnuson–Moss), 15 U.S.C. § 2310 (1975). A dissatisfied customer may request the CAB to resolve service-related disputes arising under the provisions of Chrysler's limited warranty for new motor vehicles. The customer retains the right to accept or reject CAB decisions; however, Chrysler has made all

CAB decisions binding on itself and its dealers.

The CAB consists of three voting members: a consumer advocate, a representative from the general public, and an independent technical representative. Chrysler employees perform all administrative functions for the CAB. Dealers have no right to notice of, or participation in, the arbitration process; however, they may provide repair information to the CAB at its request. An area dealer, invited to attend the arbitration, serves only in an advisory capacity and has no vote.

In 1981, Chrysler incorporated the CAB into its limited warranty for 1982 model year vehicles and so notified its dealers. In 1984, Chrysler amended the Warranty Manual to require that CAB decisions would be binding on Chrysler and its dealers.

At trial, the parties stipulated that, in August 1984, Diane E. Gitt purchased a new 1984 Dodge Colt from Dodge City. Dodge City performed certain warranty repair work on the car under the terms of Chrysler's limited warranty. Dissatisfied, Gitt filed a complaint with the CAB.

In June 1985, without notice to or participation by Dodge City, the CAB conducted an arbitration and ordered Dodge City to 1) repurchase the Gitt automobile for $8,500; or 2) give Gitt a credit of $8,500 on the purchase of a comparable automobile. Dodge City refused to do either.

Chrysler repurchased the automobile and debited Dodge City's parts account for $8,500. The car was later sold and Dodge City was credited with $3,685.77, the net proceeds of the sale.

Dodge City brought this action, seeking a determination whether Chrysler was reasonable in unilaterally amending the Dealer Agreement so as to make CAB decisions legally binding on Dodge City without affording Dodge City notice or an opportunity to participate in the CAB arbitration. After trial to the court, judgment was entered in favor of Dodge City.

Applying Michigan law as required by the contract's terms, the court found that the contract term was one of adhesion. It further found that:

> "To amend the contract in such a manner as to require dealers to be bound by an arbitration award, which may work to their financial detriment, without the right to participate in the arbitrations, and without any additional consideration, which this Court finds was not presented to it, is substantively unreasonable."

Accordingly, it declared the contract provision, requiring that dealers be bound by CAB orders, to be unenforceable and ordered Chrysler to refund the net amount from the arbitration award and auction sale to Dodge City. Chrysler appealed.

Chrysler contends that the trial court misapplied Michigan law in determining that the contract provision at issue was substantively unreasonable. We disagree.

Michigan law establishes a two-pronged test to determine whether a contract, or one or more of its terms, should be enforced. Courts must 1) examine the relative bargaining power and economic strength of the parties in light of available alternative sources of supply and 2) determine whether the challenged term is substantively reasonable. *Allen v. Michigan Bell Telephone Co.*, 18 Mich.App. 632, 171 N.W.2d 689 (1969). Even if the parties have other options or unequal bargaining power, if the term is substantively reasonable, it will be enforced. *Michigan Ass'n of Psychotherapy Clinics v. Blue Cross & Blue Shield of Michigan*, 101 Mich.App. 559, 301 N.W.2d 33 (1980), *modified*, 411 Mich. 869, 306 N.W.2d 101 (1981).

Reasonableness is, thus, the primary consideration. *St. Paul Fire & Marine Insurance Co. v. Guardian Alarm Co.*, 115 Mich.App. 278, 320 N.W.2d 244 (1982). Whether a contractual provision is substantively unreasonable depends on the circumstances of the case, especially the commercial setting, purpose, and effect of the provision. *Reed v. Kaydon Engineering Corp.*, 38 Mich.App. 353, 196 N.W.2d 487 (1972); *see also Gianni Sport Ltd. v. Gantos, Inc.*, 151 Mich.App. 598, 391 N.W.2d 760 (1986). An appellate court must give great weight to the trial court's findings in

this regard and may not substitute its judgment therefor unless those findings are so contrary to the great weight of the evidence as to be clearly erroneous. *Stratton v. Jensen,* 64 Mich.App. 602, 236 N.W.2d 527 (1975); *see also Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

It is undisputed that, here, in accordance with the terms of this contract provision, Dodge City was neither provided notice of the CAB proceeding nor allowed to participate in any manner. Nevertheless, Dodge City was required by Chrysler to absorb entirely the economic ramifications of the CAB decision.

The trial court found that the portion of the dealer agreement requiring dealers to submit to non-participatory, binding arbitration was substantively unreasonable and, thus, unenforceable. It noted that Chrysler's past practices had led Dodge City to believe that, while Chrysler could and did amend its dealer agreements unilaterally from time to time, any amendments having a financial impact upon dealers would be subject to prior dealer approval. The unequivocal requirement that dealers be bound by CAB decisions created a financial impact upon all dealers, including Dodge City, but was not approved by Dodge City before its inclusion into the dealer contract. Moreover, the court found, the warranty program under which this arbitration procedure was conducted was a warranty program of Chrysler and not that of the dealers.

The record provides ample support for these determinations. Thus, we may not disturb them on review. *Stratton v. Jensen, supra; Linley v. Hanson, supra.*

Our review of Michigan law further reveals that, while arbitration is highly favored by the courts, *Moss v. Department of Mental Health,* 159 Mich.App. 257, 406 N.W.2d 203 (1987), certain minimal elements must exist to ensure the fairness of the arbitration procedure. In *Renny v. Port Huron Hospital,* 427 Mich. 415, 398 N.W.2d 327 (1986), the supreme court of Michigan enumerated several "essential elements necessary to fair adjudication in . . . arbitration proceedings," including 1) adequate notice to persons who are to be bound by the adjudication and 2) the right to present evidence and arguments and the fair opportunity to rebut evidence and argument by the opposing party.

The parties concede that the CAB procedure here contained neither of these elements. Consequently, we conclude that Michigan law supports the trial court's determination of unreasonableness.

The judgment is affirmed.

SMITH and MARQUEZ, JJ., concur.